## FOX v. ALCOA S. S. CO. et al.

### No. 10998.

Circuit Court of Appeals, Fifth Circuit.

July 7, 1944.

Rehearing Denied Aug. 9, 1944.

Raymond H. Kierr, of New Orleans, La., for appellant.

Herbert W. Christenberry, U. S. Atty. of New Orleans, La., L. V. Cooley, Jr., Asst. U. S. Atty., of Slidell, La., Gerald H. Bucey, Regional Counsel, War Shipping Administration, for United States of America.

Geo. H. Terriberry, Andrew R. Martinez, and Benj. W. Yancey, all of New Orleans, La., for Alcoa S. S. Co.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

PER CURIAM.

Appellant, a seaman on a ship of Panamanian registry, but operated for the United States by the War Shipping Administration, brought a libel in personam for maintenance and cure against the United States, the War Shipping Administration and Alcoa Steamship Company. The United States and the War Shipping Administration moved to dismiss because no claim in writing had been filed with and disallowed by the War Shipping Administration as by law required. On the hearing of the motion it was conceded that there was no good claim against the Alcoa Steamship Company. Though it was contended that a certain letter might constitute a claim in writing, the motion was sustained. On this appeal it is argued that the Regulation of the War Shipping Administration, Sect. 304.26, 8 Fed. Reg. 5414, which declares that if a claim is filed and the claimant is not notified within sixty days of the determination of it, the claim shall be presumed administratively disallowed and the claimant shall be entitled to enforce his claim by court action, fixes an unreasonably long waiting period before suit can be filed on a claim for maintenance and cure, and is void, and may be disregarded by bringing a suit without making claim or waiting.

■ The United States could not have been sued at all except for the provisions of the Act of March 24, 1943, 50 U.S. C.A.Appendix, § 1291(a). Suit can be maintained only upon the terms it fixes. The Act states: "Any claim referred to in clause (2) or (3) hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act, notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act. * * * When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration." The privilege of suing is given only after administrative disallowance of a written claim. This accords with the general policy of the United

668

States; for example, claims for war risk insurance, tax refunds, and generally all claims auditable in the General Accounting Office. The letter produced, as in effect a claim, was written to attorneys for Alcoa Steamship Company, and their reply was that they were not presently in position to discuss the matter. The letter never went to the War Shipping Administration. No claim in writing can be said to have been presented against the United States and disallowed as required by the Act. We do not really reach the question of the reasonableness of the regulation, which is said to provide in its effect a delay of sixty days before suit, though such is not its purport. The statute itself requires as a condition of suit against the United States that a claim in writing be filed for consideration by the War Shipping Administration, and this has not been done. What delay in considering it shall be taken as a disallowance is a proper matter for regulation by the Administrator, and sixty days does not seem on its face unreasonable.

The dismissal was proper, but since it was not on the merits, but for prematurity, it is of course without prejudice to the merits.

Judgment affirmed.