## McINNIS v. UNITED STATES.
### No. 11111.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1945.

David A. Fall, of San Pedro, Cal., for appellant.

Charles H. Carr, U. S. Atty., and Ronald Walker and Robert E. Wright, Asst. U. S. Attys., all of Los Angeles, Cal. (Lasher B. Gallagher, of Los Angeles, Cal., of counsel), for appellee.

Before DENMAN, BONE, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a decree in admiralty dismissing a libel by a seaman under the Suits in Admiralty Act, alleging him to have been employed on the Steamship Hobart Baker on a voyage for the War Shipping Administration from Wilmington, South Carolina, to Wellington, New Zealand, against the United States, (a) for injuries received in Wellington from falling from the Hobart Baker's allegedly insecure gangway and (b) for maintenance and cure.

In the absence of war-time legislation, the libel showed a right of recovery under 46 U.S.C. § 742 and § 741 of the Suits in Admiralty Act, 46 U.S.C.A. § 742 and § 741, since the Hobart Baker was operated as a merchant vessel by the United States. The question here is whether the seaman has been deprived of that right because of a claimed noncompliance with the following provisions of 50 U.S.C.A.Appendix § 1291, respecting his filing a claim for his injuries:

"(a) Officers and members of crews (hereinafter referred to as 'seamen') employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration shall, with respect to (1) laws administered

by the Public Health Service and the Social Security Act, (chapter 7 of Title 42) as amended by subsection (b) (2) and (3) of this section; (2) death, injuries, illness, maintenance and cure, loss of effects, detention, or repatriation, or claims arising therefrom not covered by the foregoing clause (1); and (3) collection of wages and bonuses and making of allotments, have all of the rights, benefits, exemptions, privileges, and liabilities, under law applicable to citizens of the United States employed as seamen on privately owned and operated American vessels. * * * *  *Any claim referred to in clause (2) or (3) hereof shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act* (Title 46, §§ 741-752), notwithstanding the vessel on which the seaman is employed is not a merchant vessel within the meaning of such Act. * * * *" (Emphasis supplied.)

It is agreed that the libelant filed a claim with the agent of the War Shipping Administration and that it was disallowed. It is contended by the government that the claim did not sufficiently comply with the following section of the General Order No. 32 of the Administration:

"Section 304.24. Claim. Contents. The claim need not follow any particular form but it shall be in writing. It shall contain such particulars as are reasonably necessary as a basis for the allowance or administrative disallowance of such claim, and should include, with respect to the seaman in question, his home address, date of birth, place of birth, certificate of identification number, as well as all of the facts and circumstances leading up to and surrounding the happening of the event out of which it is alleged the claim arose."

■ The first question is whether a claim filed and administratively disallowed because not fully satisfying section 304.24 is a claim "administratively disallowed" within the provisions of 50 U.S.C.A. Appendix § 1291, supra.

We are of the opinion that such a disallowance of such a claim permits the maintenance of the present action. Such legislation concerning seamen's injuries and maintenance and cure has always been construed with extreme liberality in their favor.[1] It is not contemplated that seamen in war-time voyages in foreign or domestic parts would have to leave the ship and seek and, if found, employ admiralty proctors to make out their claims for such injuries. We do not believe that Congress intended that an inartificially drawn claim deprived a seaman of his right of recovery under the Suits in Admiralty Act.

■ Nor, applying the same rule of liberal construction of section 304.24 of General Order No. 32, do we consider the claim of appellant so far fails to comply with it that it can be said to be no claim at all. The claim for injuries, after stating his employment as an ordinary seaman on the Hobart Baker and her operation for the United States, states

"Fifth: That on or about the 5th day of February, 1944, at Wellington, New Zealand, while removing stanchions, and standing on the gangway of said ship, the gangway gave way and precipitated claimant to the dock along side the 'SS Hobart Baker,' inflicting upon him the following injuries: fracture of the right arm; concussion of the brain; contusions and abrasions of both arms and head, laceration of the forehead and severe nervous shock. That as the result of said injuries claimant has a permanent scar on his forehead.

"Sixth: By reason of the aforesaid injuries Claimant has suffered severe pain and headaches and was unable to perform his duties and still remains unable to perform his duties as an ordinary seaman. Claimant is informed and believes that it will be necessary for him to have medical care and medicine for a long and indeterminate period of time. That by reason of the premises aforesaid, claimant has been damaged in the sum of $10,000.00."

For maintenance and cure it adds:

"Seventh: That claimant is a seaman, within the designation of persons permitted to sue herein without furnishing bond for or prepayment of or making deposit to secure fees and costs for the purpose of entering in and prosecuting suits conformable to the provisions of Title 28, Sec. 837, U.S.C.A.

"Eighth: Claimant is informed and believes that he is entitled to maintenance for each day after he signs off said ship, until he has reached his maximum degree of recovery. That claimant is uninformed as to

[1] Jamison v. Encarnacion, 281 U.S. 635, 640, 50 S.Ct. 440, 74 L.Ed. 1082; Aguilar v. Standard Oil Co., 318 U.S. 724, 729, 63 S.Ct. 930, 87 L.Ed. 1107; Cortes v. Baltimore Insular Line, 287 U.S. 367, 375, 53 S.Ct. 173, 77 L.Ed. 368.

the period of time he will be disabled and entitled to maintenance.

"Wherefore, Claimant claims and demands damages as aforesaid in the total sum of $10,000.00, and maintenance and cure."

Certainly a full cause of action is stated for maintenance and cure and we think that for damages it states sufficient to advise the operators for the Administration of the facts, considering their own access to knowledge of what transpired on the vessel, to comply with the provisions of the order.

The decree dismissing the libel is Reversed.