### RODINCIUC v. UNITED STATES.
### No. 9640.

United States Court of Appeals
Third Circuit.

Argued April 7, 1949.

Decided May 31, 1949.

Rehearing Denied June 23, 1949.

480

Charles Lakatos, Philadelphia, Pa. (Abraham E. Freedman, Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Thomas E. Byrne, Jr., Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Robert Cox, Mark D. Alspach, Krusen, Evans & Shaw, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

This is a suit by a seaman against the United States to recover for personal injuries. Of these there are two sets alleged. The more serious are said to have occurred as a result of the torpedoing on May 2, 1943, of the ship on which the seaman was serving. The others are claimed to have been suffered on and after May 18, 1943. The libelant asserts three causes of action. The first is for all the injuries on grounds of negligence and unseaworthiness of the vessel, the second is for maintenance and cure and wages, and the third is for War Risk Insurance benefits. The District Court dismissed the libel for lack of jurisdiction and the libelant appeals.

I

The first reason given by the District Judge for the dismissal is that the libelant did not reside in the district in which suit was brought. No objection was raised in the answer to the libelant's allegation of residence, but the respondent did raise the question orally at the outset of the trial. Section 2 of the Suits in Admiralty Act, 46 U.S.C.A. § 742, provides that suits shall be brought in the District Court "for the district in which the parties so suing, or any of them, reside * * *." That this provision goes to venue and not jurisdiction is now settled by the decision of the Supreme Court in Hoiness v. United States, 1948, 335 U.S.

297, 69 S.Ct. 70. This decision came subsequent to the decision of this case in the District Court. The dismissal cannot, therefore, stand on the ground that the statute referred to is jurisdictional, and the objection to venue must be taken to have been waived by the respondent when it failed to object thereto. We are not called upon to decide how late the objection to venue can be made. Cf. Untersinger v. United States, 2 Cir. 1949, 172 F.2d 298.

II

The second problem in the case is more interesting and more difficult. The issue raised is whether the seaman perfected his statutory right to sue the United States. We start with the Clarification Act, 50 U.S.C.A.Appendix, § 1291. By the terms of that statute, officers and members of crews employed on United States or foreign flag vessels as employees of the United States through the War Shipping Administration, are given all of the rights accorded to United States citizens employed as seamen on privately owned and operated American vessels, with respect to death, injuries, illness, maintenance and cure, collection of wages and other named categories. The same section provides, as to claims of the sort here in question, that they "shall, if administratively disallowed in whole or in part, be enforced pursuant to the provisions of the Suits in Admiralty Act * * *." The section also provides: " * * * When used in this subsection the term 'administratively disallowed' means a denial of a written claim in accordance with rules or regulations prescribed by the Administrator, War Shipping Administration. * * *" When we turn to the Suits in Admiralty Act, 46 U.S.C.A. § 745, we find it there provided that suit "shall be brought within two years after the cause of action arises * * *."

The controversy here turns in large part on the meaning and effect of the administrative disallowance required by the statute. The appellant argues that the absence of an administrative denial of the seaman's claim is a matter of defense which must be raised by the United States. In the present case, the United States did not plead such a defense. The Trial

Judge, however, on his own examination of the correspondence between the parties, held that the libelant had not complied with the statute and administrative regulations. On the question of compliance in this case we shall have more to say in a moment. But we think a court, of its own motion if necessary, may and indeed must consider the statutory requirements for maintaining suit. A clear failure to comply with the conditions laid down by statute for suits against the United States may not be waived.[1] And one clear condition imposed by the statute here was administrative disallowance of a claim.

■ There is no doubt that Congress intended, by the Clarification Act, to grant a broad right of recovery against the United States.[2] The purpose is also clearly expressed, however, to channel the seaman's claim first to the Administrator and then, from his adverse action, to the courts. The seaman has two years from the time of his injury to start suit. Within that two-year period he must file a claim with the Administrator, and if it is disallowed, the seaman may sue. Disallowance is defined in the statute as the denial of a written claim conforming to rules which the Administrator shall prescribe. The Administrator issued appropriate regulations.[3] In order to permit the seaman to go ahead with a lawsuit in the event of inaction on the claim, the Administrator prescribed that sixty days' silence on his part should have the effect of disallowance.

All this is quite fair and reasonable. We need not decide in the abstract whether Administrator or Court may find that the statutory condition is not satisfied because of a technical defect in the claim, within the limitation period. Certainly the case of failure to file an administrative claim is different from the case of omission to meet every detailed requirement for a written claim. Distinctions may be easily made by a court in determining whether a claim has been presented and disallowed within the meaning of the statute and regulations. Cf. McInnis v. United States, 9 Cir., 1945, 152 F.2d 387 with Fox v. Alcoa S. S. Co., 5 Cir., 1944, 143 F.2d 667.

■ The present case offers no close question on this point. Until May 15,

[1] United States v. Sherwood, 1941, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058; United States v. Shaw, 1940, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; Munro v. United States, 1938, 303 U.S. 36, 58 S.Ct. 42, 82 L.Ed. 633; Reid v. United States, 1909, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313. See Wallace v. United States, 2 Cir., 1944, 142 F.2d 240 and discussion of the authorities cited therein.

[2] See McInnis v. United States, 9 Cir., 1945, 152 F.2d 387; Canadian Aviator Ltd. v. United States, 1945, 324 U.S. 215, 65 S.Ct. 639, 89 L.Ed. 901; Nahmeh v. United States, 1925, 267 U.S. 122, 45 S.Ct. 277, 69 L.Ed. 526.

[3] The relevant sections of War Shipping Administration General Order 32, 8 Fed.Reg. 5414, provide:

"§ 304.23. Court action, condition precedent. No seaman or his surviving dependent or beneficiary or legal representative, having a claim under the provisions of §§ 304.21 and 304.22, shall commence a court action for the enforcement of such claim, unless such claim has been filed by him or on his behalf or by or on behalf of his surviving dependent or beneficiary or legal representative as provided in §§ 304.24 and 304.25 and has been administratively disallowed by the person or agency with whom it was filed."

"§ 304.24. Claim, contents. The claim need not follow any particular form, but it shall be in writing. It shall contain such particulars as are reasonably necessary as a basis for the allowance or administrative disallowance of such claim and should include, with respect to the seaman in question, his home address, date of birth, place of birth, certificate of identification number, as well as all the facts and circumstances leading up to and surrounding the happening of the event out of which it is alleged the claim arose."

"§ 304.26. Claim, when presumed administratively disallowed. If the person or agency with whom the claim is filed, in accordance with the directions contained herein, fails to notify the claimant in writing of a determination upon such claim, within sixty days following the date of filing thereof, the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action."

1945, the libelant did not file a claim with the War Shipping Administrator which complied at all with the administrative regulations. The District Court so held, and our independent examination of the correspondence between the parties compels the same conclusion.

The failure to file a claim which would have complied with the regulations was not in this case a minor omission nor was it the result of a single mistake or over-sight. Nor was it a case where a seaman, ignorant of the law, was not in a position to enforce his rights. He was represented throughout by highly experienced and competent counsel. The libelant was advised repeatedly, beginning in October, 1943, to set forth the facts on which his claim was based. The Administrator's General Order 32, which was issued April 22, 1943, plainly requires such a statement of facts, although no particular form is specified. The libelant did not comply. His contention that the novelty of the situation and the urgency of the war years should excuse the non-compliance is conclusively answered in this case by the specific instruction of the Administrator in his letter to counsel for the libelant of January 12, 1945. That letter pointed out in unmistakable terms that if a claim under the Clarification Act was intended, the administrative regulations had not been complied with, and a copy of General Order 32 was enclosed. More than three months of the period of limitation still remained. Had the libelant, even at that date, filed a proper claim, he could have perfected his right to commence suit under the statute not more than sixty-one days thereafter. The libelant's failure to comply with the statutory condition is, therefore, clear, and the non-compliance substantial.

■ The appellant's alternative contention is that the libel of January 2, 1945, be treated as prematurely brought. Since a proper administrative claim was filed more than sixty days before the hearing, he urges that the defect of early suit was cured. The argument is ingenious but not persuasive for two reasons. First, the prematurity of this suit does not rest on some formal defect like failure to allege demand and refusal of payment in a contract action.[4] Here there is the statutory plan that claims go first to the Administrator, and we think the plan thus enacted by the Congress must be followed.

Second, the principle of law on which appellant relies is said to be an equitable one.[5] In the present case, assuming those rules of litigation between private persons to be applicable, the equities are against the appellant. The persistent failure to file a conforming claim when he was well advised in plenty of time to avoid the running of the statute of limitations, indicates clearly, we think, that there is no equitable basis for his contention. We conclude then, that the libel was properly dismissed although not upon one of the grounds stated by the District Court.

The judgment will be affirmed.

---

[4] Appellant relies particularly upon cases in which libels for freight were filed prematurely. See, e. g., Munson Steamship Line v. Glasgow Nav. Co., Ltd., 2 Cir., 1916, 235 F. 64; Clark v. 505,000 Feet of Lumber, 7 Cir., 1894, 65 F. 236.

[5] See Addison v. Holly Hill Fruit Products, Inc., 1944, 322 U.S. 607, 619, 64 S.Ct. 1215, 1222, 88 L.Ed. 1488, 153 A.L.R. 1007, in which the Supreme Court sought "a disposition * * * most consonant with justice to all interests in retracing the erroneous course that has been taken." See also Munson Steamship Line v. Glasgow Nav. Co., Ltd., 2 Cir., 1916, 235 F. 64, 66.