## MANDERSCHEID v. UNITED STATES.
### No. 25169.

United States District Court
N. D. California, S. D.
Jan. 10, 1950.

233

Frank J. Hennessy, United States Attorney, Elmer Collett, Assistant United States Attorney, San Francisco, California, Farnham P. Griffiths, McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, California, for respondent United States.

GOODMAN, District Judge.

The United States has moved to dismiss this seaman's libel to recover damages for personal injuries suffered while employed as a seaman on the "Sea Flasher," a merchant vessel of the United States. Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., 41 Stat. 525. The ground of the motion is that the Court lacks jurisdiction to entertain the cause because it appears from the libel that libelant's claim was not, prior to filing suit, administratively disallowed as allegedly required by the Clarification Act, Public Law 17, 78th Cong., 57 Stat. 45, 50 U.S.C.A.Appendix, §§ 1291–1295, and by the regulations issued pursuant thereto.

A brief statement of the background and purposes of the Clarification Act is here necessary.

On April 19, 1942 the War Shipping Administration gave notice of a general requisition of all oceangoing vessels. Shortly, it was operating, as owner or under requisition charters, bareboat charters, or time charters, most of the Merchant Marine of the United States. The Clarification Act was consequent legislation intended to protect and clarify the rights of the multitude of seamen who had suddenly become government employees. The basic scope and philosophy of the measure was to preserve private rights of seamen while utilizing the Merchant Marine to the utmost for public wartime benefits. See House Report 2572, Senate Reports 1655, 1813, 77th Congress—Second Session; House Report 107, Senate Report 62, 78th Congress—First Session.

Since 1920, seamen employed aboard government merchant vessels have been permitted by the Suits in Admiralty Act to bring libels in personam against the United States. The Clarification Act ex-

Healy & Walcom, San Francisco, California, for libelant.

tended the right to sue to seamen aboard government ships employed as public vessels. But, to prevent the flood of litigation which the hazards of war-time operation made imminent, an administrative disallowance of claims of seamen employed on both classes of vessels was made a prerequisite to enforcement under the Suits in Admiralty Act. The Administrator, War Shipping Administration, was empowered to make regulations governing the filing and administrative allowance or disallowance of seamen's claims. The resulting regulations were promulgated in General Order 32, April 22, 1943, published in 8 F.R. 5414 and 46 C.F.R.1944 Cumulative Supplement §§ 304.20 to 304.29.

Section 304.23 provides that no seaman shall commence a court action for the enforcement of claims for personal injuries unless such claim has been filed by him as provided in Sections 304.24 and 304.25 and has been administratively disallowed by the person or agency with whom it was so filed.

Section 304.25 requires claims for personal injuries to be filed with the General Agent of the vessel with respect to which the claim arose, or such Agent's Berth subagent to whom the former may refer the claim for handling.

Section 304.26 provides that "if the person or agency with whom the claim is filed, in accordance with the directions contained herein, fails to notify the claimant in writing of a determination upon such claim within sixty days following the date of filing thereof, the claim shall be presumed to have been administratively disallowed, and the claimant shall be entitled to enforce his claim by court action."

The libel alleges that libelant filed a claim with the General Agent of the "Sea Flasher." Upon the hearing of the motion, it was stipulated that the claim was filed, that is, received by the General Agent, on December 1, 1947. The injury, however, had occurred almost two years

before, to wit on January 28, 1946. The Clarification Act does not prescribe the time within which claims must be filed with the appropriate administrative agency, but the Suits in Admiralty Act, 46 U.S. C.A. § 745, requires that all suits must be brought within two years after the cause of action arises. Thus, when libelant's claim was filed with the General Agent, only 58 days remained before suit would be barred. Had the General Agent taken some affirmative action on the claim during the 58 days, no difficulty would have arisen. However, by January 26, 1948, the General Agent had made no determination of the claim. On that date libelant filed suit, evidently in fear of the outlawing of his suit if he waited the lapse of the full prescribed 60 day period.

The United States contends that this Court has no jurisdiction to entertain the libel because it was commenced before the claim had been administratively disallowed either affirmatively or presumptively by the General Agent's failure to act within sixty days after receiving the claim.

The regulations (§§ 304.20, 304.23) state, and decisions of the federal courts [1] have assumed, that the Clarification Act makes administrative disallowance an indispensable prerequisite to the *filing* of a court action. The fact is that the Congress has left this matter in doubt. Section 1291 of the Act states merely that claims for personal injuries "shall, if administratively disallowed in whole or in part, be *enforced* pursuant to the provisions of the Suits in Admiralty Act." (Emphasis added.)

Neither logical reasoning nor Congressional intent support the assumption that administrative disallowance of seamen's claims must precede the *filing* of suit. There is not the slightest indication of any Congressional concern as to a sequential relationship between administrative decision and commencement of suit. What is indicated is that Congress wanted an adequate opportunity for administrative ac-

---

1. Rodinciuc v. United States, 3 Cir., 1949, 175 F.2d 479, affirming D.C.E.D.Pa.1947, 74 F.Supp. 284; Mosseller v. United States, 2 Cir., 1946, 158 F.2d 380; Fox v. Alcoa S. S. Co. et al., 5 Cir., 1944, 143 F.2d 667.

tion before there could be judicial *enforcement* of the tendered claim.

The basic purpose of the Clarification Act was to preserve the existing rights of seamen. As important as any of these rights, was a two-year period in which to commence suits under the Suits in Admiralty Act. The Congress manifested no intention that this period should be shortened. Yet the effect of the regulations requiring that, in the event of inaction on the part of the General Agent, sixty days must elapse after the claim is filed before suit can be commenced, is to reduce the two-year period by two months. Legislation intended to be a boon to seamen could thus be converted into a trap for the unwary. The seaman's right to recover on a claim filed between the twenty-second and twenty-fourth month after the injury is made to depend, not solely on the merits of the claim, but upon the inclination of an administrative official to act with dispatch.

■ Unquestionably the Congress has manifested the intention that the administrative agency be given an opportunity to determine whether to allow claims before a judicial determination is secured. This opportunity necessarily must include a reasonable length of time in which to study the claim presented. Certainly the 60 days allowed the agency by the regulations is not an unreasonably long period of time. But, the mere filing of suit to prevent the action from being barred by the two-year limitation provision of the Suits in Admiralty Act need not have the effect of depriving the administrative agency of the full time specified within which to make its determination. If need be, the Court can stay the proceeding until the agency has had a full sixty days to study the claim.[2] If in the meantime the claim is allowed, the suit can be dismissed; if the claim is disallowed or no action is taken, within the prescribed period, the suit can proceed.

The problem here presented stems from the frequent but wholly understandable failure of the Congress to produce a nicely integrated whole when correlating two statutes. The duty then devolves upon the courts to strike the balance between the conflicting provisions so that they will most nearly effect the Congressional purpose. The basic intent of the Congress must be the guide.[3]

■ In my opinion Congressional intent will best be effectuated by permitting this suit to proceed. Particularly is this so, if we give heed to the admonition that legislation for the protection of seamen must be liberally construed in their favor. McInnis v. United States, 9 Cir., 153 F.2d 387 and cases there cited. The General Agent with whom libelant's claim was filed had 56 days to study the claim before this suit was commenced. Nearly two years have passed since then and no administrative action has been taken. Under these circumstances, it is clear that the statutory objective, i. e. full opportunity for administrative determination, has been achieved. Consequently no jurisdictional barrier now prevents the judicial disposition of libelant's cause.

Defendant's motion for judgment of dismissal is denied.

2. In other federal administrative fields, such stays have received judicial sanction, e. g. see, General American Tank Car Corporation v. El Dorado Terminal Co., 1940, 308 U.S. 422, 60 S.Ct. 325, 84 L.Ed. 361; Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 1913, 230 U.S. 247, 33 S.Ct. 916, 57 L.Ed. 1472.

3. In McGhee v. United States, 1946, 154 F.2d 101, the Court of Appeals for the Second Circuit was also forced to resort to the basic intent of the Congress in order to reconcile other provisions of the Clarification and Suits in Admiralty Acts.