**NORTH v. UNITED STATES.**
**No. 906.**

United States District Court,
S. D. Texas, Houston Division.
March 15, 1951.

Mandell & Wright (Herman Wright), Houston, Tex., for libellant.

Brian S. Odem, U. S. Atty., and W. G. Winters, Jr., Asst. U. S. Atty., and Royston & Rayzor (Robert Eikel), Houston, Tex, for respondent.

KENNERLY, Chief Judge.

In this Libel, filed July 20, 1949, Libellant, F. V. North, claims to have been injured September 8, 1947, while serving as Chief Steward on the "Phantom Hill," alleged to be an ocean-going vessel, while such vessel was being operated by Respondent, the United States Government. Charging negligence on the part of Respondent, its officers, agents, and employees, including the Master, Officers and Crew of the vessel, and alleging in effect the unseaworthiness of the vessel, Libellant sues under Title 46 U.S.C.A. §§ 688 and 742, et seq., for damages. He also sues for maintenance, cure, etc. He alleges the presentation of his claim under Title 50 U.S.C.A.Appendix, § 1291(a), U.S.Code Cong. Service 1943, p. 42. [See 46 U.S.C.A. § 1241a]. The details of his claim are set forth in Paragraph 6 of his Libel, as follows:

"Libellant would show the Court that while aboard said vessel, and while in the course of his employment, he was removing a large piece of meat weighing approximately seventy-five (75) pounds from the meat box; that the libellant would show the Court that the floor of said meat box was covered with slats or boards that were nailed together, or otherwise affixed to one another so as to form a floor; and libellant says that one or more of said slats was broken so as to create a hole in the walkway, or at least create an uneven walkway; that in removing said meat from the said meat box, said plaintiff stepped on said broken slat or slats, or in the hole created thereby, and was caused to fall, thereby causing the illness, injuries, and disability of which he herein complains."

The facts are substantially as follows:

(a) The Stipulation filed March 2, 1951, sets forth the facts with respect to the presentation of Libellant's claim to the War Shipping Administration under the Act of March 24, 1943, Title 50 U.S.C.A.Appendix, § 1291(a). Such Stipulation is referred to and made a part hereof.

(b) Libellant alleges negligence on the part of Respondent, et al., in the following particulars:

"In that libellant was not provided with a safe place to work while aboard said vessel.

"In that libellant was not provided with a seaworthy vessel.

"In that the slats in the meat box were broken.

"In that the slats in the meat box were old, worn and otherwise defective.

"In that the slats in the meat box were broken and removed in places.

"In that no proper, reasonable, or customary inspection was made of the floor of the meat box so that the broken condition thereof could have been discovered and repaired.

"In that the slats on the floor of the meat box were not repaired after an inspection had disclosed their broken condition.

"In failing to repair the slats of the floor of the meat box."

I believe and find that Libellant was injured, but I find against him on each and all of the foregoing charges of unseaworthiness and negligence. The evidence convinces me, and I find, that the slats complained of were neither broken nor were they or any of them old, worn, or otherwise defective nor "removed in places." I think and find that the vessel was entirely seaworthy, and that Libellant was furnished a safe place in which to work.

(c) I think and find that Libellant did fall and injure himself on or about September 8, 1947, while on the vessel, but I have grave doubts about whether he was carrying at the time 75 pounds of meat from the meat box. I think and find that his fall and injury were not caused by the unseaworthiness of the vessel nor by the negligence of Respondent, its officers, agents, and employees, or those in charge of the vessel.

(d) Libellant has been employed and been working since December 1, 1949. From the time of the injury, September 8, 1947, to December 1, 1949, a period of 27 months, and since, Libellant has been from time to time under the treatment of physicians of the Public Health and for periods of time in hospitals at Galveston, Houston, and New Orleans. Complete records of the diagnosis and treatment during such periods are in evidence. There was other medical evidence and also Libellant's evidence. From them all, it is difficult to say whether Libellant's physical condition, during such period, has been due to his injury or to two or three rather serious diseases which seem to have troubled him.

█ I think he has had all the medical and hospital care he needed or needs without cost to him, and therefore I do not think he is entitled to "cure" from Respondent.

█ I think he is entitled to maintenance for reasonable periods of time after September 8, 1947, and prior to December 1, 1949. I find these periods to aggregate approximately 90 weeks and cost of maintenance to have been $35 per week.

1:—Libellant alleges that his claim herein has been "administratively disallowed" under the provisions of Title 50 U.S.C.A.Appendix, § 1291(a). This Respondent denies.

█ I think it is clear that under the rule laid down in Fox v. Alcoa S.S. Co., 5 Cir., 143 F.2d 667, Libellant's claim has never reached the War Shipping Administration or the Administrator thereof. See also Militano v. United States, 2 Cir., 156 F.2d 599. Rodinciuc v. United States, 3 Cir., 175 F.2d 479.

However, according to such Stipulation, such claim did reach and was presented by Libellant to the American Petroleum Transport Corporation, who is stipulated to have been "Respondent's General Operating Agent." Section 304.25 of the Regulations promulgated by said War Shipping Administration or Administrator, found in Title 46 of the Code of Federal Regulations, Page 699, reads as follows (emphasis mine):

"Sec. 304.25. Claims, with whom filed. Claims based upon any decision of the Maritime War Emergency Board or any insurance policy issued by the War Shipping Administration, excluding claims for loss of or damage to personal effects (if the insured is alive), bonus, and detention and repatriation benefits, shall be filed with the Chief Adjuster, Division of Wartime Insurance, War Shipping Administration, 99 John Street, New York City, or such other agencies or persons as may be designated by the Chief Adjuster for the purpose of determining the allowance or disallowance of such claim. *All other claims, including claims for loss of or damage to personal effects (if the insured is alive), bonus, and detention and repatriation benefits, shall be filed with the General Agent of the vessel with respect to which such claims arose, or such Agent's Berth subagent to which the former may refer the claim for handling.*"

Libellant's presentation of such claim to the American Petroleum Corporation, who it appears was such General Agent, was during the period beginning September 17, 1947, down to November 9, 1947, and more than 60 days elapsed after such presentation of such claim before this suit was filed. I think that under the rule laid down in Godbout v. Eastern Steamship Lines, Inc., D.C., 82 F.Supp. 467, McInnis v. United States,

9 Cir., 152 F.2d 387, and Thurston v. United States, 9 Cir., 179 F.2d 514, Libellant complied with the requirements of the Act of March 24, 1943, 50 U.S.C.A. Appendix, § 1291(a). In the last two cases cited, it emphasized that Laws respecting claims of seamen must be liberally construed.

2:—I conclude that under the foregoing facts, Libellant is only entitled to recover from Respondent maintenance in the sum of $3,150.

Let Decree be drawn and presented.