**Mahlon E. HAHN, Libelant,**

v.

**UNITED STATES of America,**
Respondent (two cases).

Nos. 653, 690.

United States District Court
E. D. Virginia,
Newport News Division.

June 13, 1963.

William McL. Ferguson, Newport News, Va., W. Robert Phelps, Jr., Denbigh, Va., for libelant.

William E. Gwatkin, U. S. Dept. of Justice, Admiralty & Shipping Section, Washington, D. C., for respondent.

WALTER E. HOFFMAN, Chief Judge.

These actions stand on motions for summary judgment filed by respondent United States of America. For reasons hereinafter stated the motions must be granted.

On February 8, 1960, three vessels owned and operated by the United States ran aground at the site of libelant's oyster beds in the Warwick River near Newport News, Virginia. Libelant contends that, as a result of this grounding, approximately 39 acres of oyster and oyster beds were damaged. The following day, February 9, 1960, libelant verbally advised the government personnel in charge of the vessels as to the damage done. Thereafter, on or about February 15, 1960, libelant again verbally reported the incident and damage to Lt. E. C. Selvey, Jr., Marine Casualty Investigating Officer, U. S. Army, Fort Eustis, Virginia. Accepting, for the purpose of these motions, libelant's statement that Lt. Selvey took extensive notes of the conversa-

tion, it is conceded that Selvey provided some claim forms for libelant and, after explaining the forms, requested that they be completed and returned to Selvey. The claim forms were never completed and returned until April 8, 1962, two months after the institution of Admiralty No. 653, and more than two years following the damage occasioned by the negligent operation of the vessels.

On January 30, 1962, libelant's proctor addressed a letter to the Commanding Officer, Fort Eustis, Virginia, making claim in behalf of libelant for the damage to the oyster grounds on February 8, 1960. Selvey responded by letter dated February 2, 1962, enclosing a form entitled "Standard Form 95" with a request that the same be executed by libelant. The letter of January 30, 1962, was the *first written* notice of claim. As the statute does not require that the written claim be on a prescribed form, we accept the premise that the letter of January 30, 1962, constitutes a written notice of claim.

The action in Admiralty No. 653 was thereafter instituted on February 7, 1962—one day prior to the expiration of the two year period of limitations, 46 U.S.C. § 745.

Following the initial pre-trial conference and attempting to take protective action, libelant filed his libel in Admiralty No. 690 urging that the filing of the written notice of claim by letter dated January 30, 1962, had the legal effect of tolling the statute of limitations for a period of six months while the claim was under consideration. If the libelant is correct in this contention, and if the letter of January 30, 1962, may be considered a claim in writing, Admiralty No. 690 is then properly maintainable.

The libels are filed under the statute providing for an "Extension of Admiralty Jurisdiction," 46 U.S.C. § 740, which specifically incorporates the remedy under the Public Vessels Act, 46 U.S.C. § 781 et seq., and Suits in Admiralty Act, 46 U.S.C. § 741 et seq. The "Extension of Admiralty" statute further provides:

"That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage."

Since it is conceded that no claim was presented *in writing* prior to the letter of January 30, 1962, the action instituted on February 7, 1962, was prior to the expiration of the period of six months as required by 46 U.S.C. § 740.

Three basic issues are presented:

(1) Was libelant's conversation with the government personnel operating the vessels, together with his subsequent conversation with the Marine Casualty Investigating Officer, sufficient to satisfy the requirements of 46 U.S.C. § 740 providing for a waiting period of six months after presentation of a claim in writing before instituting suit?

(2) Is the six months waiting requirement of 46 U.S.C. § 740 to be strictly construed so that one who files his action within the two year period prescribed by 46 U.S.C. § 745, but who has failed to comply with the six months waiting period, loses his action after the two year limitation period has expired?

(3) Will the statute of limitations be tolled while the six months waiting requirement is running, if the written notice of claim is given prior to the expiration of the two year limitation period?

■ To sustain his position that the United States had sufficient notice of his claim, libelant relies upon a prior decision of this court in Carr v. United States, D.C., 136 F.Supp. 527. We do not feel that there is any similarity in the cases. In Carr the claimant, through his attorney, attempted to ascertain the identity of the governmental agency responsible for the damage. The government refused to divulge this information under the theory that regulations prohibited the aiding of any claimant in the prosecution of the claim. It thus became impossible to file an appropriate claim with the federal agency owning or op-

erating the vessel. Such extraordinary circumstances justified a conclusion in Carr that the exchange of correspondence constituted compliance with the six months notice provision of 46 U.S.C. § 740. As stated in Osbourne v. United States, 2 Cir., 164 F.2d 767, even where the statute of limitations is of the substantive type, if the plaintiff has been denied access to the courts, the basis for the assumption that one with a good cause of action will not delay bringing it for an unreasonable period of time is effectively destroyed.

The statute in plain terms requires the presentation of a claim *in writing*. Since plaintiff concedes that claim forms were presented to him by Lt. Selvey, it cannot be successfully urged that notes of the verbal conversation as taken by Selvey (and later destroyed) constituted the presentation of a claim in writing.

■■ The presentation of a claim in writing six months prior to the institution of the action is jurisdictional. Turner Terminals, Inc. v. United States, 5 Cir., 177 F.2d 844; Department of Highways, State of Louisiana v. United States, 5 Cir., 204 F.2d 630. As was said in Turner Terminals in discussing the claim in writing under Sec. 740:

> "Absent the presentation of the claim and the expiration of the period of six months, no purported suit against the United States upon such a cause of action was within the jurisdiction of the admiralty court."

It is well settled that when the sovereign consents to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058.

There are circumstances under which a claim may be considered presumptively or constructively disallowed, thus permitting an action to be filed against the United States even though the entire waiting period for processing the claim has not expired. See Lee v. United States, D.C., 183 F.Supp. 49, in which the sovereign referred the claim to its insurance underwriter with no intention to process the claim administratively.

■ Libelant urges that his claim does not mature into a cause of action until it has been disallowed by the agency involved. Such was the holding in Thurston v. United States, 9 Cir., 179 F.2d 514. But McMahon v. United States, 342 U.S. 25, 72 S.Ct. 17, 96 L.Ed. 26, expressly disapproved of the Thurston doctrine by holding that the period of limitation is to be computed from the date of the injury.

■ Finally, it is libelant's contention that the statute is tolled while the administrative claim is under consideration. To hold otherwise, says libelant, is to effectively reduce the statute of limitations from two years to eighteen months. There is language in McMahon v. United States, supra, indicating a possibility that such a point has merit where Mr. Justice Jackson says:

> "It is to be observed that the regulations applicable to the filing of such a claim provide that, if it is not rejected in writing within sixty days from filing, it shall be presumed to have been administratively disallowed and the claimant shall be entitled to enforce his claim. The record filed with us does not disclose when petitioner's claim was filed or, with precision, when it was disallowed. In view of that state of the record making it uncertain whether the point would have any effect on the outcome and the fact that petitioner has not raised the point, we find it inappropriate to consider whether the statute of limitations is tolled for a maximum of sixty days while a claim is pending and not disallowed either by notice or by operation of the regulations."

The McMahon decision was in 1951. Since that date other authorities have expressly held that the statute of limitations is not tolled while a claim is undergoing administrative consideration; nor indeed, may it legally be tolled for any

reason.[1]   States Marine Corp. of Delaware v. United States, 2 Cir., 283 F.2d 776; Williams v. United States, 4 Cir., 228 F.2d 129, cert. den. 351 U.S. 986, 76 S.Ct. 1054, 100 L.Ed. 1499, rehearing den. 352 U.S. 860, 77 S.Ct. 26, 1 L.Ed.2d 71; Burch v. United States, E.D.Va., 163 F.Supp. 476, aff. 261 F.2d 418.

■   The principle that statutes which waive immunity of the United States from suit are to be strictly construed in favor of the sovereign is a well-settled rule of law.   McMahon v. United States, supra; United States v. Michel, 282 U.S. 656, 51 S.Ct. 284, 75 L.Ed. 598; United States v. Shaw, 309 U.S. 495, 60 S.Ct. 659, 84 L.Ed. 888; United States v. Sherwood, supra.

The importance of compliance with all of the conditions imposed upon any party instituting an action against the sovereign are set forth in the "square corners" doctrine enunciated in Rock Island, Arkansas & Louisiana R. Co. v. United States, 254 U.S. 141, 41 S.Ct. 55, 65 L. Ed. 188, where Mr. Justice Holmes, speaking for the court in denying the district court's jurisdiction to entertain the action, said:

> "Men must turn square corners when they deal with the Government.   If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with.   *  *  *   At all events the words are there in the statute and the regulations, and the Court is of the opinion that they mark the conditions of the claimant's right."

We see no reason for not invoking the "square corners" doctrine in this case. When handed the claim forms in February, 1960, libelant was advised how they should be filled out and to whom they should be sent.   The Secretary of the Army may, under direction of the Secretary of Defense, settle or compromise claims against the United States for damage caused by a vessel of, or in the service of, the Army if the claim is $500,-000 or less.   10 U.S.C. § 4802.   There would be no purpose in providing for this administrative remedy if a party is permitted to wait until eight days prior to the expiration of the statute of limitations and then file his claim.   Indeed, the Army regulations relating to the administrative processing and settlement of claims expressly limit the authority of the Secretary of Army to effect a settlement within the two year period.   32 CFR Sec. 526, 45(h) (1).

We are not impressed with the so-called protective libel filed in No. 690 after the two year period had elapsed and six months following the letter-claim dated January 30, 1962.   Reliance is placed upon Manderscheid v. United States, N.D.Cal., 88 F.Supp. 232, where the seaman's claim was filed 58 days prior to the expiration of the two year limitation as set forth in the Suits in Admiralty Act.   After 56 days, with no action on the administrative claim, a suit was commenced.   The Clarification Act, 50 U.S.C., Appendix, § 1291, granted seamen the remedies under the Suits in Admiralty Act if their claims were disallowed in whole or in part, and further specified that such claims were considered presumptively disallowed after a period of sixty days following the filing of such claims.   District Judge Goodman, disagreeing with decisions from other circuits [2], declined to interpret the intent of Congress as requiring a sixty day written claim as a condition to the right to institute an action.

Whatever may be the merits of Manderscheid it affords no relief to this libelant.   The very statute under which he seeks relief imposes a condition precedent to the institution of an action.

---

1.   Exceptions to the rule are: in the prisoner of war situation where access to the court is prevented, Osbourne v. United States, 2 Cir., 164 F.2d 767; and in the fraud situation, Scarborough v. Atlantic Coast Line R. Co., 4 Cir., 178 F.2d 253,

15 A.L.R.2d 491, cert. den. 339 U.S. 919, 70 S.Ct. 621, 94 L.Ed. 1343.

2.   Rodinciuc v. United States, 3 Cir., 175 F.2d 479; Mosseller v. United States, 2 Cir., 158 F.2d 380; Fox v. Alcoa S. S. Co., 5 Cir., 143 F.2d 667.

The confusion which Judge Goodman stated as applicable in Manderscheid does not apply to the situation herein presented.

We find reference to the filing of protective libels in States Marine Corp. of Delaware v. United States, supra, Wessel, Duval & Co. v. United States, D.C., 126 F.Supp. 79, and United States v. Wessel, Duval & Co., D.C., 115 F.Supp. 678. Each of these cases pertained to noncompliance with the "disputes" clause. In short, the "disputes" clause constituted a bar to the suit but not a condition of instituting same. And in United States v. Winegar, 10 Cir., 254 F.2d 693, in an action under the Walsh-Healey Act requiring findings of fact by the Secretary of Labor, the court withheld judicial interference pending exhaustion of the administrative course by saying:

> "But the institution of an action for the recovery of liquidated damages for such unpaid compensation is not conditioned upon the making of such findings by the Secretary."

The six months waiting period required by 46 U.S.C. § 740 may appear harsh and, in certain circumstances, may have the effect of reducing the statute of limitations to 18 months. However, had libelant promptly filed his claim in the spring of 1960, he could thereafter wait until the last day of the two year period before filing his action. The interrelationship between the waiting period (46 U.S.C. § 740) and the limitation period (46 U.S.C. § 745) is nevertheless consistent as the two year period merely provides an outside limit within which the action may be maintained and does not preclude the application of shorter limitation periods where appropriate. McMahon v. Pan American World Airways, Inc., 5 Cir., 297 F.2d 268; Mejia v. United States, 5 Cir., 152 F.2d 686, cert. den. 328 U.S. 862, 66 S.Ct. 1366, 90 L.Ed. 1632.

If Congress may legally decline to waive the immunity of the sovereign, it may similarly impose conditions upon the institution of any action when immunity is waived.

Since No. 653 was instituted prior to the compliance with the waiting provisions of 46 U.S.C. § 740, and since No. 690 was filed after the two year limitation period as prescribed by 46 U.S.C. § 745, both actions must fail. The court has likewise given consideration to the possibility of libelant filing a supplementary libel in No. 653, but we are met with the same arguments as heretofore stated.

Proctor for the respondent will prepare and present, after first affording an opportunity for inspection by proctor for libelant, an appropriate decree granting summary judgment in these consolidated actions.