**PACIFIC BELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–85–6308 EFL.**

United States District Court, N.D. California.

May 29, 1986.

Steven D. Rathfon, San Francisco, Cal., for plaintiff.

Rand R. Pixa, Asst. U.S. Atty., Torts Branch, Civ. Div., San Francisco, Cal., for defendant.

## SUMMARY JUDGMENT

LYNCH, District Judge.

### I. Background

Plaintiff, Pacific Bell, has brought this suit seeking compensation for damages to a submarine telephone cable allegedly caused by the defendant, the United States of America. Pacific Bell asserts that on August 27, 1983, naval vessels owned and operated by the United States through the Department of the Navy negligently dropped an anchor on Pacific Bell's submarine telephone cable that crosses the floor of the Carquinez Strait near Crockett, California. Pacific Bell also alleges a second claim for relief based on the same act but sounding in trespass.

Pacific Bell filed a written claim for damages with the Navy on June 25, 1985, approximately twenty-two months after the incident occurred. The Navy denied the claim on August 23, 1985. Pacific Bell filed this action on August 27, 1985, approximately two months after it had filed its claim with the Navy.

Currently before the Court is defendant's motion for summary judgment. The United States contends that it is entitled to judgment as a matter of law because, among other reasons, Pacific Bell has failed to meet the jurisdictional requirements under the Admiralty Jurisdiction Extension Act, 46 U.S.C. § 740 (1976) ("section 740"), for bringing this suit. Section 740 requires a plaintiff to wait six months after a claim for damages caused by a vessel on navigable waters has been filed with the appropriate government agency before filing a lawsuit against the United States. *Id.* For the reasons given below, the Court grants the defendant's motion.

### II. Discussion

Section 740 provides in part as follows:

The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

... Provided, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948, and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act: Provided further, *That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage.*

*Id.* (emphasis added).

Pacific Bell does not dispute the applicability of section 740 to this case. Rather, Pacific Bell disagrees with defendant's interpretation of that section. Pacific Bell argues that once the Navy denied Pacific Bell's claim, Pacific Bell was entitled to file suit and was not required to observe the six month waiting requirement set out in section 740. Defendant counters that section 740 precluded Pacific Bell from filing this suit because the suit was filed before six months had expired from the time Pacific Bell's claim was filed with the Navy.

The statute of limitations under 46 U.S.C. section 745 (the Suits in Admiralty

Act) for bringing this suit is two years from the time the damage allegedly occurred. *See* 46 U.S.C. § 745 (1976); *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951) (two year statute of limitations contained in section 745 commences on the date of the injury); *Roberts v. United States*, 498 F.2d 520, 526 n. 12 (9th Cir.), *cert. denied*, 419 U.S. 1070, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974) (same). Consequently, assuming the statute of limitations cannot be tolled, the latest date upon which Pacific Bell could file suit was August 27, 1985, two years after the damage allegedly occurred.[1] Thus, if the Court dismisses this case because section 740 precluded Pacific Bell from filing its action until six months after the claim was filed, Pacific Bell might lose its cause of action. Indeed, given the fact that Pacific Bell waited until approximately two months before the statute of limitations had run to file its claim, such a ruling would mean that Pacific Bell may have already lost the opportunity to file suit at the time its claim was filed.

The plain language of section 740 supports defendant's position. The provision clearly states "[t]hat no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." 46 U.S.C. § 740. There is no language in the section even suggesting that the waiting period does not apply once a denial of a claim has occurred.

In *Hahn v. United States*, 218 F.Supp. 562 (E.D.Va.1963), the court held that section 740 should be strictly construed so that a suit filed within the two year period prescribed by section 745 but before the six month waiting period described in section 740 has run must be dismissed even though the cause of action will then be barred by the statute of limitations. *Id.* at 564–67. The court reasoned as follows:

The six months waiting period required by 46 U.S.C. § 740 may appear harsh and, in certain circumstances, may have the effect of reducing the statute of limitations to 18 months. However, had libelant promptly filed his claim ..., he could thereafter wait until the last day of the two year period before filing his action. The interrelationship between the waiting period (46 U.S.C. § 740) and the limitation period (46 U.S.C. § 745) is nevertheless consistent as the two year period merely provides an outside limit within which the action may be maintained and does not preclude the application of shorter limitation periods where appropriate.

*Id.* at 567.

The *Hahn* court based its holding on general principles of sovereign immunity. It recognized that "[i]t is well settled that when the sovereign consents to be sued, 'the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Id.* at 565 (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The court further reasoned that "[m]en must turn square corners when they deal with the Government. If it attaches even purely formal conditions to its consent to be sued those conditions must be complied with." *Id.* at 566 (quoting *Rock Island, Arkansas & Louisiana R. Co. v. United States*, 254 U.S. 141, 143, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920)).

The Court agrees with the reasoning of the *Hahn* court. When the language of a waiver of sovereign immunity clearly im-

---

1. The Ninth Circuit has previously held that the two year statute of limitations contained in section 745 is jurisdictional and cannot be waived or tolled. *See T.J. Falgout Boats, Inc., v. United States*, 508 F.2d 855, 858 (9th Cir.1974), *cert. denied*, 421 U.S. 1000, 95 S.Ct. 2398, 44 L.Ed.2d 667 (1975). However, a more recent Ninth Circuit opinion suggests in dicta that equitable tolling may be available in the proper factual circumstance. *See Williams v. United States*, 711 F.2d 893, 898 n. 9 (9th Cir. 1983). Pacific Bell has not argued that it is entitled to equitable tolling. Moreover, the question of whether the statute of limitations for bringing this action has run is technically not before the Court. Rather, the issue before this Court is whether Pacific Bell complied with all of the statutory prerequisites to bringing this suit.

poses a condition upon a plaintiff's right to sue the government, a court may not disregard that condition. Section 740 unambiguously requires a plaintiff to wait six months after filing a claim before filing suit. Pacific Bell has failed to fulfill that requirement. Therefore, this Court lacks jurisdiction to entertain Pacific Bell's suit.

Pacific Bell does not seriously dispute the holding in *Hahn*. Rather, Pacific Bell argues that the facts of this case distinguish it from *Hahn* and warrant a different result. The plaintiff in *Hahn* filed his suit before the six month waiting period had run and *before* his claim had been denied. In this case, Pacific Bell filed suit prior to expiration of the six month waiting period but only *after* its claim had been denied by the Navy. Pacific Bell argues that the six month waiting period serves no purpose once a claim has been denied and, consequently, should not preclude filing suit immediately after a claim has been denied but before the waiting period has expired.

In support of its contention, Pacific Bell cites a letter written by the Secretary of Navy to the Chairman of the House Judiciary Committee that is contained in the legislative history of section 740. The letter suggests that the purpose of the six month waiting period was to to allow the government time to settle claims and avoid litigation. *See* 1948 U.S.Code Cong. Serv., 1898, 1901–02. Pacific Bell contends that once a claim has been denied, the purpose of section 740, as discussed in the legislative history, has been served and the filing of a lawsuit should be allowed. In further support of its contention, Pacific Bell cites dicta in the *Hahn* opinion suggesting that denial of a claim relieves a plaintiff from the waiting period requirement.

Pacific Bell's arguments do not persuade this Court to ignore the plain language of section 740. The Court agrees that the primary purpose of the six month waiting period may be to allow the government time to consider a plaintiff's claim prior to a lawsuit being filed. Nevertheless, nothing in the legislative history or the language of the statute suggests that denial of a claim relieves a plaintiff from the six month waiting period. Pacific Bell's argument merely suggests that the Congress should have drafted a narrower provision that would have served the primary purpose of section 740. With respect to other waivers of sovereign immunity, Congress has indeed drafted narrower provisions. Under the Federal Tort Claims Act, for example, a plaintiff may file suit as soon as the relevant agency has denied his or her claim and "[t]he failure of an agency to make a final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim...." 28 U.S.C. § 2675(a) (1976). Nevertheless, it is not the province of this Court to redraft the terms upon which the Congress waives the sovereign immunity of the United States Government.

Moreover, the language in *Hahn* cited by Pacific Bell is not persuasive. In recognizing that "[t]here are circumstances under which a claim may be considered ... disallowed, thus permitting an action to be filed," the *Hahn* court cited *Lee v. United States*, 183 F.Supp. 49 (E.D.Va.1960). *Hahn*, 218 F.Supp. at 565. The claim in the *Lee* case was brought under regulations issued by the War Shipping Administration. Those regulations allowed a suit to be filed after a claim had been filed and denied, and deemed a claim denied if no formal notification was given within sixty days after filing. *Compare Lee*, 183 F.Supp. at 51 (stating that the regulations applicable in the case are described in *Rodinciuc v. United States*), *with Rodinciuc v. United States*, 175 F.2d 479 n.1 (3d Cir.), *cert. denied*, 338 U.S. 895, 70 S.Ct. 234, 94 L.Ed. 550 (1949) (describing the regulations applicable to the claim in *Lee v. United States*). More importantly, Pacific Bell has not cited, and the Court has not found, any case in which a court actually has ignored the language of section 740 and allowed a suit to be filed after denial of a claim but prior to the expiration of the six month waiting period.

Because the Court finds that Pacific Bell failed to comply with the conditions set out in section 740 for bringing this suit, the Court grants the defendant's motion for summary judgment.

IT IS SO ORDERED.

### JUDGMENT

Summary judgment having been granted in this action, the Court hereby renders judgment in favor of the defendant, with each side to bear their own costs.