## TURNER TERMINALS, Inc. v. UNITED STATES.
### No. 12658.

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 1949.

Rehearing Denied Jan. 9, 1950.

Francis H. Inge, Mobile, Ala., John W. McConnell, Jr., Mobile, Ala., for appellant.

John H. Tappan, Mobile, Ala., Percy C. Fountain, U. S. Attorney, Mobile, Ala., for appellee.

Before HUTCHESON, McCORD, and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

In the proceeding in the District Court, Turner Terminals, Inc., as libellant, sought to recover damages from the United States alleged to have been sustained by the libellant as the result of the fault of a public vessel of the Government, the Santa Maria Hills, which broke loose from its mooring at one of the docks of the libellant and struck and collided with another of its docks, from which was sustained damage of the cost of repairing the dock, in the amount of $12,500. The suit, proceeding in rem and in personam, is expressly predicated upon the terms of the Public Vessels Act of 1925.[1]

It is alleged that the collision of ship with wharf occurred on the night of May 19, 1946 or in the early hours of May 20, 1946. The libel was filed May 18, 1948.

The respondent, the United States of America, filed two exceptions to the libel asking dismissal for the reasons: (1) That it appeared from the face of the libel that the damage sought to be recovered was damage to a wharf and therefore the cause of action stated was not within the admiralty and maritime jurisdiction of the court in which brought, and (2), that the United States of America, a Sovereign, had not consented to be sued in admiralty by virtue of the Public Vessels Act, or any other Act, for damages to a wharf which is a land structure. Later a supplemental ground of exception was presented asking dismissal of the libel for the additional reason that it fails to show, that prior to the filing of the libel, there had expired a period of six months after the claim as stated had been presented in writing to the federal agency owning or operating the vessel.

The trial Court, finding the exceptions well taken, sustained each of them and dismissed the libel.[2] Appellant assigns the dismissal as error generally, and specifically, the holding that the Court did not have jurisdiction as an Admiralty Court under the "Suits in Admiralty Act (The Public Vessels Act) of this cause involving damage to shore structures by a vessel;" and the holding that it did not have jurisdiction under the Act of June 19, 1948,[3] and in holding that it was necessary for the libellant to present the claim to the appropriate federal agency before bringing suit thereon.

By a brief evidencing much industry and research, counsel for the appellant urges upon us the contention that by a proper application of admiralty jurisdiction there existed, in truth at the time of the collision, jurisdiction of the proceeding to recover damages inflicted by vessels upon shore

---

1. 46 U.S.C.A. § 781 et seq.

2. In his order of dismissal the Court determined "that the jurisdiction of this Court cannot be invoked, either under the Suits in Admiralty Act [46 U.S.C.A. § 741 et seq.], the Public Vessels Act [46 U.S.C.A. § 781 et seq.], or under the Act of June 19, 1948 [46 U.S.C.A. § 740], conferring on Admiralty Courts jurisdiction of a cause involving dam-

ages to shore structures, the allegations of the libel being that the action arose on the 19th or 20th of May, 1946; and on the further ground that the requirements of the statute making it necessary to present such claims to the appropriate federal agency were not complied with. * * *."

3. Chapter 526, Public Law 695, 80th Cong., Title 46 U.S.C.A. § 740.

structures. He frankly concedes, however, that the American authorities have not accepted this view. He refers to "the illogic and difficulty of the present court-made rule," and asks this Court to reconsider the decisions of the Supreme Court establishing this rule. Thus, while vigorously contesting their correctness, he concedes that from the time of the decision in The Plymouth, 1866, 3 Wall. 20, 18 L.Ed. 125, to at least the decision in Cleveland Terminal & Valley R. Co. v. Cleveland Steamship Co., 208 U.S. 316, 28 S.Ct. 414, 52 L.Ed. 508, 13 Ann.Cas. 1215, and The Troy, 208 U.S. 321, 28 S.Ct. 416, 52 L.Ed. 512, the Supreme Court has held that as to shore structures Courts of Admiralty had no jurisdiction of proceedings seeking damages for injury or destruction by a vessel upon navigable waters. We may add that as late as 1934, (nine years after the passage of the Public Vessels Act, supra), the rule was stated without any qualification that the admiralty jurisdiction "does not extend to injuries caused by a vessel to persons or property on the land."[4] In the Cleveland Terminal and Valley R. Co. case, supra, the report discloses that substantially the same argument as is now presented was there refuted, as the Court was "not inclined to disturb the rule that has been settled for so many years, because of some supposed convenience."[5]

█ The appellant's assignment of error, predicated upon the contention the Admiralty Court had jurisdiction by virtue of the Public Vessels Act of 1925, supra, is patently foreclosed against it by the controlling decisions of the Supreme Court above referred to.

█ It is equally clear that the contention that the Extension of Admiralty and Maritime Jurisdiction Act of June 19, 1948, supra, afforded jurisdiction of this proceeding, can not be maintained. Without consideration of any question of the applicable period of limitations, or as to the constitutional validity of this enactment which is inferentially discussed by counsel, (for neither is necessary to the decision here), it is clear that the latter statute provides no ground for maintenance of the libel here. We may also properly pretermit any consideration of the effect of this statute on suits between private parties, and of whether it may be applied retroactively, as contended by appellant. So far as the United States is concerned, the Extension of Admiralty and Maritime Jurisdiction Act of June 19, 1948, supra, evidences an enlarged waiver of Sovereign immunity and broader consent to suit than theretofore granted in the prior Acts. As to the Sovereign, the statutes evidence the Sovereign's waiver of immunity, a consent to suit,—and a waiver restricted precisely to the terms of the grant. "The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[6] Thus it is clear that the United States of America has not by the Act of June 19, 1948 consented to be proceeded against in admiralty for a damage done or consummated on land by its vessels "until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage." Absent the presentation of the claim and the expiration of the period of six months, no purported suit against the United States upon such a cause of action was within the jurisdiction of the admiralty court.

As shown above, it is clear that in the state of the law prior to June 19, 1948, the Court was without jurisdiction of appellant's claim. It is equally clear that to obtain relief under that Act appellant must have complied with its provisions. This was not done, and accordingly there was no valid basis of jurisdiction in the Court to grant the relief sought. The order of dismissal was correct, and the judgment appealed from is

Affirmed.

4. The Admiral Peoples, 295 U.S. 649, 55 S.Ct. 885, 886, 79 L.Ed. 1633.

5. See also, State of Maine v. U. S., 1 Cir., 134 F.2d 574, certiorari denied 319 U.S. 772, 63 S.Ct. 1437, 87 L.Ed. 1720; State of South Carolina v. U. S., 4 Cir., 171 F.2d 893, 896.

6. United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058; Eastern Transportation Co. v. U. S., 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; Rock Island, A. & L. R. Co. v. U. S., 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188.