## TURNER TERMINAL CO. v. UNITED STATES.

### Civ. A. No. 927.

United States District Court
S. D. Alabama, S. D.
Oct. 15, 1950.

442

Inge, Twitty, Armbrecht & Jackson, Mobile, Ala., for plaintiff.

Percy C. Fountain, Mobile, Ala., John H. Tappan, of Pillans, Reams, Tappan, Wood & Roberts, Mobile, Ala., for defendant.

McDUFFIE, District Judge.

This cause is before the court on defendant's motion to dismiss plaintiff's complaint, filed April 22, 1950, under the Federal Tort Claims Act as amended April 25, 1949, 28 U.S.C.A. § 2401(b), for alleged damage in the amount of $12,500 to a wharf owned by plaintiff, which damage allegedly occurred on the night of May 19-20, 1946, through the colliding of a vessel owned and operated by agents of defendant with said wharf of plaintiff.

At the time the alleged damage occurred, plaintiff had no remedy in the district court in admiralty or law. The courts of the United States had uniformly held that damage to shore structures by a boat on navigable waters was cognizable in law and not in admiralty. Turner Terminals, Inc., v. U. S. A., 9 Cir., 177 F.2d 844 and cases cited therein. The United States had consented to be sued in admiralty, Suits in Admiralty Act, March 9, 1920, c. 95, 41 Stat. p. 525, 46 U.S.C.A. § 741 et seq.; and Public Vessels Act, March 3, 1925, c. 428, 43 Stat. 1112, 46 U.S.C.A. § 781 et seq., but had not yet consented to be sued in law for a tort committed by its agents.

On August 2, 1946, however, a little over two months after the alleged collision, Congress passed the Federal Tort Claims Act, 60 Stat. 842, which provided:

"Sec. 410. (a) Subject to the provisions of this title, the United States district court for the district wherein the plaintiff is resident or wherein the act or omission complained of occurred * * * sitting without a jury, shall have exclusive jurisdiction to hear, determine, and render judgment on any claim against the United States, for money only, accruing on and after January 1, 1945, on account of damage to or loss of property or on account of personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred. * * *

* * * * * *

"Sec. 420. Every claim against the United States cognizable under this title shall be forever barred * * * unless within one year after such claim accrued or within one year after the date of enactment of this Act, whichever is later, an action is begun pursuant to part 3 of this title." Part 3 includes Sec. 410.

Nevertheless, plaintiff allowed the statute of limitations as it then existed in the Tort Claims Act to run against it; and,

having lost its remedy through laches, attempted on May 18, 1948, to obtain relief through suit in admiralty under the provisions of the Public Vessels Act and Suits in Admiralty Act.

A month later, on June 19, 1948, the Extension of Admiralty Jurisdiction Act, 46 U.S.C.A. § 740, became the law. Damage to shore structures by ships in navigable waters was now cognizable in admiralty, special provisions being made with reference to suits against the United States.

On October 28, 1948, on the exceptions of the Government, this court dismissed plaintiff's libel in admiralty because (1) the alleged cause of action arose on May 19-20, 1946 (so that the two-year period for filing suits against the United States in admiralty had run before the enactment on June 19, 1948, of the Extension of Admiralty Jurisdiction Act, making damage to shore structures cognizable in admiralty); and (2) there had been no compliance with the special requirement of the said act that "no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage".

On November 29, 1949, the Court of Appeals for the Fifth Circuit affirmed the decision of the district court on its ruling with reference to plaintiff's failure to comply with the requirement of presenting its claim to the proper federal agency before filing suit, pretermitting the question of the applicable period of limitations and the retroactive effect of the Extension of Admiralty and Maritime Jurisdiction Act. Turner Terminals, Inc., v. U. S. A., supra.

Meanwhile, on April 25, 1949, some ten months after the enactment of the Extension of Admiralty Jurisdiction Act, Congress amended the Federal Tort Claims Act, 28 U.S.C.A. § 2401(b), so that suit could be brought against the United States for torts committed by its agents since January 1, 1945, within two years after the tort was committed or within one year after enactment of the amendment, which-

ever was later. Whereupon, following the dismissal of its admiralty suit, plaintiff, as previously stated, filed its present suit under the Federal Tort Claims Act as amended.

The Government moved to dismiss the complaint on the ground that under the Extension of Admiralty Jurisdiction Act the plaintiff now has no remedy under the Federal Tort Claims Act, as amended.

As was said by the United States Court of Appeals for this Circuit in Turner Terminals v. U. S. A., supra, 177 F.2d 846: "As to the Sovereign, the statutes evidence the Sovereign's waiver of immunity, a consent to suit,—and a waiver restricted precisely to the terms of the grant. 'The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Citing U. S. v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058; Eastern Transportation Co. v. U. S., 272 U.S. 675, 47 S.Ct. 289, 71 L.Ed. 472; Rock Island, etc., R. R. Co. v. U. S., 254 U.S. 141, 143, 41 S.Ct. 55, 65 L.Ed. 188.

The terms of the grant in the Extension of Admiralty Jurisdiction Act are precise as regards suits against the United States. "Provided, That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after June 19, 1948 and for all causes of action where suit has not been hitherto filed under the Federal Tort Claims Act".

The fact that Congress chose later to enlarge the period of limitation under the Tort Claims Act cannot now give this court jurisdiction in law of a suit not filed under that Act before the passage of the Extension of Admiralty Jurisdiction Act, which precisely limited the jurisdiction of the district court in cases involving damage to shore structures by Government owned vessels to admiralty, even though for private litigants there might also be a remedy at law.