**William R. THOMAS**

v.

**UNITED STATES of America.**

No. 79.

United States District Court,
E. D. Pennsylvania.

June 23, 1954.

Freedman, Landy & Lorry, Philadelphia, Pa., for petitioner.

Krusen, Evans & Shaw, W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., Robert J. Spiegel, Asst. U. S. Attys., Philadelphia, Pa., for respondent.

WELSH, District Judge.

The respondent has filed a motion to dismiss the action for lack of jurisdiction.

1. The Act of June 2, 1951, 46 U.S. C.A. § 1241a [1] provides that the provi-

---

[1] "* * * That the provisions of sections 1291(a), (c), 1293(c) and 1294 of Appendix to Title 50 shall be applicable in connection with such operations and to seamen employed through general agents as employees of the United States, who may be employed in accordance with customary commercial practices in the maritime industry, notwithstanding the provisions of any law applicable in terms to the employment of persons by the United States: * * *."

sions of Section 1291(a) of the Appendix to Title 50 U.S.C.A. are applicable.

2. Said Section 1291(a) requires that a seaman employed by the United States shall apply for administrative allowance or disallowance as a condition precedent to the bringing of suit and administrative orders issued pursuant thereto require the passage of sixty days before there is a presumptive disallowance of a claim so filed.

3. In the present action no claim for damages on account of negligence and unseaworthiness had been filed prior to February 12, 1954. In addition, prior to the institution of the present action on February 23, 1954, there had been no disallowance of the claim which had been filed on February 12, 1954 and there had been no presumptive disallowance of said claim since sixty days had not expired from the date of the filing of said claim.

4. Thus, it is apparent that the present suit cannot be maintained and respondent's motion to dismiss same will be granted.