Grant LEE, Jr., Libellant,

v.

UNITED STATES of America, Respondent.

No. 8046.

United States District Court
E. D. Virginia,
Norfolk Division.
April 29, 1960.

Sidney H. Kelsey, Norfolk, Va., for libellant.

Charles R. Dalton, Jr., Seawell, Mc-Coy, Winston & Dalton, Sam D. Eggleston, Jr., Asst. U. S. Atty., Norfolk, Va., for respondent.

WALTER E. HOFFMAN, District Judge.

■ In an action against the United States under the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., libellant seeks damages under the Jones Act, 46 U.S.C.A. § 688, alleging an illness and/or injury occurring on or about September 6, 1957, while serving as a seaman on board the S. S. East Point Victory, a vessel operated by an agency of the United States Maritime Commission through the services of Central Gulf Steamship Corporation as general agent. A prior suit instituted against the general agent was dismissed according to the records of this Court, but such dismissal does not bar libellant's right to properly proceed against the United States.

At this preliminary stage of the proceedings the sole issue for determination involves the handling of an administrative claim filed by libellant's proctor, in behalf of libellant, by letter dated July 30, 1959. The letter, addressed to National Shipping Authority, U. S. Maritime Commission, Washington, D. C., after reciting certain details of libellant's claim, states in part:

"You are requested to act promptly on the administrative allowance or disallowance of this claim against you and the United States. Although the regulation gives you sixty days in which to act, it is believed that limitations under Suits in Admiralty Act, Title 46 U.S.C.A. Sec. 741 et seq. may soon run to prevent the filing of this action against the United States prior to the completion of the sixty day allowance for administrative action under your regulation and suit will therefore have to be filed within or by at least August 24, 1959.

"You are therefore requested to immediately advise the writer whether or not this claim will be administratively allowed or disallowed by August 24, 1959, and due to the running of the limitation time you are requested to advise the writer as soon as conveniently possible as if you disallow this claim at this time suit will be immediately instituted under appropriate statutes."

By letter dated August 5, 1959, addressed to proctor for libellant, the Chief of the Insurance Claims Branch, Maritime Administration, acknowledged receipt of libellant's administrative claim by stating in part:

"The records of this office disclose that at the time of the alleged illness the SS East Point Victory was a Government owned vessel being operated for the account of the Maritime Administration by Central Gulf Steamship Corporation under a general agency agreement. Marine P & I risks were insured under a commercial policy issued by United States P & I Agency, Inc., 123 William Street, New York 38, N. Y.

"We are forwarding a copy of your letter to the P & I underwriters for their attention.

"This acknowledgment of your communication should not be construed as constituting an admission of liability, nor an administrative review of the subject matter."

Apparently construing the Maritime Administration letter as a constructive disallowance of the administrative claim, proctor for libellant instituted this action several days after receipt of the foregoing letter.

Respondent, by exceptions duly filed, contends that the suit was instituted prior to either the affirmative or constructive disallowance of the administrative claim and does not comply with the requirements of N.S.A. Order 67, April 7, 1955, 20 F.R. 2414, and, in the interim, the statute of limitations now bars libel-

lant's claim for damages under the Suits in Admiralty Act, 46 U.S.C.A. § 745.

As before noted, the action was instituted within the two-year period. The issue concerns the handling of the administrative claim. Neither libellant nor his proctor received any further notice with respect to the administrative claim after the letter of August 5, 1959. It has been stipulated that in seamen cases involving Government owned merchant vessels with commercial P. & I. insurance, the sole action taken by the Maritime Commission is to forward the written notice of claim, with any other information which may be possessed, directly to P. & I. underwriters for their attention. In short, the Government takes no other action in the premises.

We are aware of the requirements with respect to the requisite disallowance of the administrative claim prior to filing suit. Rodinciuc v. United States, 3 Cir., 175 F.2d 479, certiorari denied 338 U.S. 895, 70 S.Ct. 234, 94 L.Ed. 550; Militano v. United States, 2 Cir., 156 F.2d 599; Fox v. Alcoa S. S. Co., 5 Cir., 143 F.2d 667, certiorari denied 323 U.S. 788, 65 S.Ct. 313, 89 L.Ed. 628; Thomas v. United States, D.C.E.D.Pa., 127 F.Supp. 48, 49. The problem confronting courts in instances wherein the administrative claim is filed within the sixty-day period prior to the running of the statute of limitations is one which has disturbed several courts. One thought is that the action may be filed prior to an administrative disallowance, but not "enforced", and a judicial stay would be granted for the period required to disallow the claim. Manderscheid v. United States, D.C.N.D.Cal., 88 F.Supp. 232. On the other hand, there is the view that the statute of limitations is tolled while the administrative claim is pending. Kinman v. United States, D.C. N.D.Cal., 139 F.Supp. 925; Thurston v. United States, 9 Cir., 179 F.2d 514; Cf. Farley v. United States, 9 Cir., 252 F.2d 85, 92.

It is, in the judgment of the Court, unnecessary to decide whether the statute of limitations is tolled or whether the principles in Manderscheid should be invoked. The file reveals that on August 17, 1959, within the two-year period, respondent obtained an order extending through September 25, 1959, the time within which all defensive pleadings, including exceptions and/or answers to interrogatories, could be filed. The extension ran a period of nineteen days after the statute had barred the action. What was said in Farley v. United States, supra, is peculiarly appropriate here in that: " 'Men must turn square corners when they deal with the Government.' Sure, but if the government hides the corners, what should men then do?"

It seems clear that, under the circumstances of this case, the Maritime Administration at least presumptively or constructively disallowed the claim when it turned the claim over to its P. & I. underwriters. While proctors for the respondent insist that the P. & I. underwriters stand in the shoes of the United States for the purpose of allowing or disallowing the administrative claim, they cite no rule or regulation of the Maritime Commission authorizing the delegation of this duty imposed by law. If such authority existed in the P. & I. underwriters, and assuming arguendo that the delegation of such authority is lawful, the P. & I. underwriters remained silent until the statute had run. This is not a case in which the United States retains a material interest in the outcome of the litigation, or otherwise requested the P. & I. underwriters to submit a report to the Maritime Administration to serve as a basis for action on the administrative claim. For all purposes, the United States expressed no further interest in the claim. Certainly where administrative action upon a claim is required by law as a prerequisite to court action, the administrative remedy must be adequate and not futile. The conditions imposed upon the waiver of sovereign immunity rest essentially with the sovereign and not with an insurance car-

rier to whom the sovereign may see fit to refer the matter.

Respondent's exceptions will be overruled.

Present order.