Charlene LOEBER, and Glen Loeber, Individually and on behalf of their minor daughter, Gretchen Loeber, Plaintiffs–Appellants

v.

BAY TANKERS, INC., and United States of America, Defendants–Appellees.

No. 90–3537

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 6, 1991.

John J. Cummings, III, Richard M. Martin, Jr., Cummings, Cummings & Dudenheffer, New Orleans, La., for plaintiffs-appellants.

Norman C. Sullivan, Jr., Peter B. Tompkins, Gelpi, Sullivan, Carroll & Laborde, New Orleans, La., Debra J. Kossow, U.S. Dept. of Justice, Torts Branch, Civil Div., Washington, D.C., John P. Volz, U.S. Atty., New Orleans, La., for defendants-appellees.

Before JOHNSON, SMITH, and WIENER, Circuit Judges:

PER CURIAM:

The Plaintiffs–Appellants, Charlene and Glen Loeber, individually and on behalf of their daughter Gretchen Loeber, appeal the district court's order (1) sustaining the motion by the United States that summary judgment be granted, dismissing their suit against the United States for want of jurisdiction; and (2) denying the Loebers' motion to file a third amended and supplemental complaint in which they sought to have the court exercise pendent-party jurisdiction over Violet Dock Port, Inc. We affirm the grant of summary judgment and reverse the denial of the motion to file an amended complaint.

## I OPERABLE FACTS

Plaintiff Glen Loeber was the first assistant engineer aboard the USNS POLLUX, a vessel owned by the United States. On June 13, 1988, the POLLUX was moored outboard of, and alongside, the USNS REGULUS, another vessel owned by the United States, which was moored at the Violet Dock Port in Violet, Louisiana. On that day while Glen's wife, Charlene, and his two daughters, Gretchen and Glennis, were visiting Glen and standing on the dock adjacent to the REGULUS, a wake from a passing merchant vessel, the M/V METEORA, allegedly caused the REGULUS to surge. That surge in turn caused the REGULUS' accommodation ladder to roll across the dock. The ladder struck Gretchen, knocked her down, and rolled along her legs, breaking her right femur bone. Both parents claim that they too sustained personal injuries while they were attempting to extricate Gretchen from beneath the ladder.

## II PROCEDURAL HISTORY

On June 2, 1989, seeking damages for their personal injuries, the Loebers filed the instant litigation pursuant to the Public Vessels Act (PVA), 46 U.S.C.App. § 781 et seq. (1976), against the United States and Bay Tankers, Inc., the contract operator of the REGULUS. On November 9, 1989, the district court granted the government's motion to dismiss the Loebers' claims against Bay Tankers, their punitive damage claim, their claim under the laws of the State of Louisiana, and their request for a jury trial, none of which are permissible under the PVA.

At a preliminary pretrial conference on October 24, 1989, the government advised that because the Loebers' injuries occurred on land adjacent to navigable water and were allegedly caused by a vessel on navigable water, jurisdiction is based on the Admiralty Extension Act, 46 U.S.C.App. § 740 (AEA) rather than on the PVA. The government charged that the Loebers had not satisfied the provision of the AEA that states, "no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the federal agency owning or operating the vessel causing the injury or damage." On November 21, 1989, the United States served a request for admission on the Loebers, asking them to admit that they had not filed a written claim with the Department of the Navy before they filed this suit. On December 19, 1989, the Loebers admitted that they had not filed a complaint. On February 7, 1990, the Loebers submitted a claim to the United States Department of the Navy.

Meanwhile, on December 30, 1989, the Loebers had also obtained leave of the district court to file their first amended and supplemental complaint in which they added as a defendant the owner of the M/V METEORA, Metropolitan World Maritime Corporation. They later filed a second amended and supplemental complaint in which they amplified their claims against Metropolitan and added Washington Aluminum Company as a new defendant.

On February 16, 1990, the United States moved for summary judgment seeking dismissal of the Loebers' claims for failure to comply with the requirements of the AEA. In a Minute Entry dated April 6, 1990, and entered April 9, 1990, the district court granted that motion. On April 24, 1990, the court denied the Loebers' motion for leave to file a third amended and supplemental complaint which sought to add Vio-

let Dock Port, Inc. as a defendant under the theory of pendent-party jurisdiction.

On May 7, 1990, the Loebers filed a motion requesting the court to reconsider both its April 6th grant of summary judgment and its April 24th denial of leave to file the third amended and supplemental complaint. In a minute entry dated June 20, 1990, the court denied the motion for reconsideration. On July 18, 1990, the Loebers filed a notice of interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(3) from the denial of reconsideration.

## III  SUMMARY JUDGMENT

### A. *Failure to File a Claim before Filing Suit*

Jurisdiction, if any, in this case rests upon the AEA. Section 740 unambiguously states that "jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, *notwithstanding that such damage has been done and consummated on land.*"[1] (emphasis added). Because the REGULUS was a vessel on navigable water and allegedly caused the injuries to the plaintiffs while they were on an adjacent dock, the AEA clearly applies. *See Turner Terminals, Inc. v. United States*, 177 F.2d 844, 846 (5th Cir.1949).

██ The AEA further mandates that "no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the federal agency owning or operating the vessel causing the injury or damage."

46 U.S.C.App. § 740. The AEA's requirement that a written claim be presented six months before a suit is filed is jurisdictional. *Turner*, 177 F.2d at 846; *Hahn v. United States*, 218 F.Supp. 562, 565 (E.D. Va.1963) (citing *Turner*, 177 F.2d 844). The principle is well settled that when the sovereign consents to be sued, "the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941). The Loebers brought suit on June 2, 1989, over eight months before they submitted a written claim to the Department of the Navy, the federal agency owning the REGULUS. Because the Loebers failed to comply with a jurisdictional requirement explicitly expressed in the controlling statute, the district court lacked jurisdiction to entertain their suit against the United States.

### B. *Statute of Limitations*

██ The Loebers' action against the United States is also time barred. The AEA states:

That as to any suit against the United States for damage or injury done or consummated on land by a vessel on navigable waters, the Public Vessels Act [46 U.S.C.App. § 781 et seq.] or Suits in Admiralty Act [46 U.S.C.App. § 741 et seq.], as appropriate, shall constitute the exclusive remedy of all causes of action....

46 U.S.C.App. § 740. Accordingly, a two-year statute of limitations applies, as neither side disputes, to the Loebers' suit against the United States. *See* 46 U.S.C. App. § 745 ("Suits as herein authorized may be brought only within two years af-

---

1. The complete text of section 740 states:

    The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land. In any such case suit may be brought in rem or in personam according to the principles of law and the rules of practice obtaining in cases where the injury or damage has been done and consummated on navigable water: Provided, That as to any suit against the United States for damage or injury done or consum-

    mated on land by a vessel on navigable waters, the Public Vessels Act or Suits in Admiralty Act, as appropriate, shall constitute the exclusive remedy for all causes of action arising after the date of the passage of this Act and for all causes of action where suit has not been hitherto filed under the Federal Torts Claims Act: Provided further, That no suit shall be filed against the United States until there shall have expired a period of six months after the claim has been presented in writing to the Federal agency owning or operating the vessel causing the injury or damage.

ter the cause of action arises. . . ."); *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed.26 (1951) (two year statute of limitations contained in section 745 commences on date of injury).

As the Loebers' cause of action arose on June 13, 1988, they had until June 13, 1990, to file suit. Because the AEA mandates a six-month waiting period from the filing of a claim to the filing of a suit, the Loebers had until December 13, 1989, to submit a written claim to the Department of the Navy if they desired to file suit before the statutory period expired on June 13, 1990. By December 13th they had not done so; instead, they waited to submit a claim until February 7, 1990. Consequently, their claims are time barred.

The government notes that the Loebers filed two more complaints against the United States in this matter. Those complaints are not part of the record on appeal. Nevertheless, we note that the filing of those complaints does not affect the outcome of this appeal. The Loebers apparently filed their second suit against the United States on June 12, 1990, one day before the two-year limitation period expired. They filed that suit, however, less than six months after they had submitted their claim to the Department of the Navy on February 7, so the Loebers again failed to comply with the jurisdictional requirement. *See Turner*, 177 F.2d at 846 ("Absent the presentation of the claim and the expiration of the period of six months, no purported suit against the United States . . . was within the jurisdiction of the admiralty court.").

The Loebers' third suit was filed on August 21, 1990, more than six months after submitting the claim to the responsible federal agency but also more than two years after the occurrence of the incident which, the Loebers allege, caused their injuries. The third suit too is time barred because the Loebers filed it over two months after the two-year limitation period had expired.

### C. *Tolling the Limitation Period*

■ The Loebers claim that the two-year limitation period should have tolled during the six-month waiting period. Two courts have already rejected that argument. *Port of Bremerton v. United States*, 1986 A.M.C. 2870, 2872, 1985 WL 8042 (W.D. Wash.1985); *Hahn v. United States*, 218 F.Supp. 562 (E.D.Va.1963). The procedural background in *Hahn* is similar to that in this case. The cause of action arose on February 8, 1960. The plaintiff filed a written claim on January 30, 1962, and filed suit on February 7, 1962, one day before the limitation period expired. *Hahn*, 218 F.Supp. 562. More than six months after filing the written claim, the plaintiff filed a second action alleging that the filing of their administrative claim tolled the two-year statute of limitations. *Id.*

The *Hahn* court recognized that the "six month waiting period required by 46 U.S.C. App. § 740 may appear harsh and, in certain circumstances, may have the effect of reducing the statute of limitations to 18 months." *Id.* at 567. The court, nevertheless, found the relationship between the 6–month waiting period and the two-year limitation period "consistent" because the limitation period "merely provides an outside limit within which the action may be maintained and does not preclude the application of shorter limitation periods where appropriate." *Id.* The court then declared that the action instituted before the plaintiff had complied with the waiting provisions of 46 U.S.C.App. § 740 failed as did the action filed after the limitation period prescribed in 46 U.S.C.App. § 745. *Id.* at 567.

The three cases that the Loebers cite to support their argument do not address whether an untimely claim under the AEA tolls the limitation period. *McCormick v. United States*, 680 F.2d 345 (5th Cir.1982); *United States v. Core Laboratories, Inc.*, 759 F.2d 480 (5th Cir.1985); and *Northern Metal Co. v. United States*, 350 F.2d 833 (3rd Cir.1965). These cases do, however, recognize that limitation periods may be tolled because of "the plaintiff's innocence." *Northern Metal*, 350 F.2d at 837. Such "innocence" may render equitable tolling appropriate, this court has indicated, when the defendant induces the plaintiff to

refrain from commencing suit or when fraudulent concealment occurs. *See McCormick,* 680 F.2d at 351. In *McCormick* we held that the two-year limitation in the Suits in Admiralty Act, 46 U.S.C. App. § 745, can be tolled "under appropriate circumstances" when tolling does not "defeat the purpose of the provision, which is to encourage those with claims against the United States to present their claims properly and diligently," and when "injustice to the plaintiff would otherwise result." *Id.*

Tolling may also be appropriate, the third circuit has determined, when the plaintiff has timely submitted an administrative claim but cannot bring suit until he has exhausted administrative remedies and the government has not finally adjudicated his claim within the limitation period. *See Northern Metal,* 350 F.2d at 838 n. 12 (suit filed more than two years after cause of action arose not barred under Suits in Admiralty Act, 46 U.S.C.App. § 745, because government's not finally adjudicating plaintiff's administrative claim during two years since action arose prevented his timely filing suit). Unlike the plaintiff in an AEA suit who, before filing suit, has merely to wait six months after filing a claim with an agency, the plaintiff in *Northern Metal,* who submitted a claim pursuant to the dispute clause of his contract with the government, could not appeal to the courts until he had exhausted his administrative remedies. *See Id.* at 838 n. 11, n. 12. Finally, tolling may be appropriate when the defendant engages in "improper dilatory tactics," *see Core,* 759 F.2d at 484 (holding five-year limitation period in 28 U.S.C. § 2462 runs from date of predicate violation not from date of administrative assessment of sanction).

■ In the instant case, the government did not engage in any of the tactics that

might warrant equitably tolling the statutory period. In fact, to the contrary, the government notified the Loebers that the time for filing an administrative claim was slipping away. Furthermore, the Loebers are not "innocent." *See Northern Metal,* 350 F.2d at 837. Within a matter of days following the accident they retained counsel. The latter could then have filed a written claim, waited six months, and still have had well over a year remaining in the two-year limitation period in which to file suit. Even more detrimental to the Loebers' claim that the period should have tolled is their having been put on notice in late October 1989 that jurisdiction was in question. Additionally, on November 21, 1989, the United States served the Loebers with a request for admission that they had not submitted a written claim. Had the Loebers promptly submitted a written claim in response to either of those notices, they could still have satisfied the waiting period of 46 U.S.C.App. § 740 and the limitation period of 46 U.S.C.App. § 745. Instead, they inexplicably chose to wait to file their written claim until February 7, at which time they had no possibility of satisfying the waiting period before the limitation period expired.

## D. *Constructive Denial of Administrative Claim*

The Loebers contend that an administrative remedy was unavailable because the Department of the Navy had passed responsibility for settling claims and avoiding litigation to the insurer of Bay Tankers, Inc., the operators of the REGULUS, on June 14, 1988, the day after the accident.[2] As a consequence, they argue, their claim was constructively denied as of June 13, 1988. No evidence supports the Loebers' contention, especially as they failed to file a charge before filing suit. The purpose of the requirement that plaintiffs submit a

---

**2.** That the underwriters were surveying the accident scene a day after the accident does not mean that the United States had already constructively denied a claim. To the contrary, the information that the underwriter garnered might have served the United States in evaluating the Loebers' claim had they timely submitted it.

Furthermore, the government's later action does not indicate that they had handed authority over to the underwriter. The government notified the Loebers that jurisdiction was lacking in plenty of time for them to submit a claim and still satisfy the waiting and limitations periods.

claim and wait six months before bringing suit is to allow the United States to decide whether to settle the claim or pass it on to underwriters to settle or defend. In not filing a claim with the Department of the Navy before they filed suit, the Loebers denied the government that option. By the time they submitted their claim and waited for the six-month period to pass within which the government might have investigated the claim and decided whether to settle with the plaintiff or defend in court, the limitation period had expired.

The Loebers' reliance upon *Lee v. United States,* 183 F.Supp. 49 (E.D.Va.1960), in support of their contention is misplaced. The claim in *Lee* was brought under regulations issued by the War Shipping Administration. *See Pacific Bell v. United States,* 636 F.Supp. 312, 315 (N.D.Cal.1986). Unlike the AEA, the regulations at issue in *Lee* permitted a suit to be filed only after a claim had been filed and disallowed. *Id.* at 51. Unlike the Loebers, the plaintiffs in *Lee* did file a claim before filing suit. *Id.* at 50. Unlike the Loebers, the plaintiff in *Lee* had satisfied the jurisdictional requirements imposed upon him; but the government forwarded his claim to its underwriters without formally denying the claim, thereby precluding the plaintiff's bringing suit. *Id.* at 51. The insurers in turn never communicated with the plaintiff during the limitation period. *Id.* Because the Loebers never filed an administrative claim before they filed suit, their contention lacks merit.

### E. *Failure to Challenge Unavailability of Remedy Charge*

■ The Loebers also argue that by not challenging in its reply memorandum the unavailability of an administrative remedy, an issue which the Loebers had raised in their Local Rule 2.10 Statement of Material Facts, the government should be deemed to have admitted those facts. As the govern-

ment correctly points out, however, local rule 2.10 does not require the movant to respond to the nonmovant's statement of material facts to which there exists a genuine issue to be tried. To the contrary, the rule requires the nonmovant to file such a statement; if he fails to do so, the material facts which the movant asserts will be deemed admitted.

## IV PENDENT–PARTY JURISDICTION

In denying the Loebers' motion for leave to file an amended and supplemental complaint to add Violet Dock Port, Inc. (Violet) as a party defendant, the district court declined to exercise pendent-party jurisdiction over a party against whom, as the Loebers concede, no independent basis for federal jurisdiction exists. As no federal question is involved, jurisdiction does not lie under 28 U.S.C. § 1331; as the citizenship of the parties is not diverse, jurisdiction does not lie under 28 U.S.C. § 1332; as the claim against Violet is grounded on state law, the district court has jurisdiction over the claim against Violet only if pendent-party jurisdiction is available in admiralty cases. The district court has jurisdiction over Metropolitan under Article III, section 2 of the constitution and under 28 U.S.C. § 1333(1).

We have previously held that "a federal court entertaining a maritime claim has the discretion to adjudicate non-federal claims derived from a common nucleus of operative fact, including claims against a party not before the court in the federal action." *Feigler v. Tidex, Inc.,* 826 F.2d 1435, 1439 (5th Cir.1987). However, because the Supreme Court's decision in *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), places in question the doctrine of pendent-party jurisdiction in any context, we must examine anew whether the doctrine survives in admiralty cases.[3] Fortunately, we have the guiding wisdom of the second circuit on this very question

---

**3.** We must examine the doctrine of pendent-party jurisdiction even though Congress has effectively overruled *Finley.* The Judicial Improvements Act of 1990, Pub.L. No. 101–650, § 310, 104 Stat. 5089, 5113–14 (1990) (codified at 28 U.S.C. § 1367), provides the explicit authoriza-

tion of pendent-party jurisdiction that in *Finley* the Supreme Court found to be absent. Because the instant action commenced before the enactment of the Judicial Improvements Act on December 1, 1990, that act does not apply to the instant case. *See* Pub.L. No. 101–650, § 310.

to enlighten our analysis. *See Roco Carriers, Ltd. v. M/V Nurnberg Express*, 899 F.2d 1292 (2nd Cir.1990).

In *Finley*, the Supreme Court held that pendent-party jurisdiction is unavailable when the primary claim is brought under the Federal Torts Claims Act (FTCA), 28 U.S.C. § 1346(b). 109 S.Ct. at 2010. More generally, it declared that the inquiry into whether pendent jurisdiction exists over a different nondiverse defendant on a nonfederal claim does not end with an inquiry into whether the federal and state claims derive from a common nucleus of operative fact. *Finley*, 109 S.Ct. at 2007 (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Federal courts must additionally examine "the posture in which the nonfederal claim is asserted and the specific statute that confers jurisdiction over the federal claim." *Id. (quoting Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

In terms of the relevant statutory grants of jurisdiction, the second circuit has distinguished an action brought into federal court pursuant to the court's admiralty jurisdiction and one, such as in *Finley*, sought to be brought in pursuant to FTCA. *Roco*, 899 F.2d at 1295. In the latter action jurisdiction is predicated upon a waiver of sovereign immunity permitting tort claims against the United States, and such jurisdictional grants are ordinarily interpreted narrowly. *Id.* (citing *Sherwood*, 312 U.S. 584, 590, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941)). In contrast, waiver of sovereign immunity is not an issue in the Loebers' action, their claims against the United States having been dismissed. Consequently, the "posture" or the context in which the Loebers assert their nonfederal claim against Violet is entirely different from the posture described in *Finley*. *See* 109 S.Ct. at 2007–08.

The Court in *Finley* declared that " 'neither the convenience of the litigants nor considerations of judicial economy can suffice to justify' " jurisdiction over state-law claims involving additional parties without an independent basis for jurisdiction. *Id.*

at 2008 (quoting *Kroger*, 437 U.S. 365, 376–77, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978)). But the policy of permitting claims arising in admiralty to be resolved in a single setting entails, as the court in *Roco* noted, more than the mere convenience of the parties. *See Roco*, 899 F.2d at 1296. The policy arises, instead, from the historical recognition that maritime claims in particular should be subjected to efficient and uniform procedures and treatment. *Id.* (citing *In re Oil Spill by Amoco Cadiz off Coast of France*, 699 F.2d 909, 913–14 (7th Cir.), *cert. denied sub nom. Astilleros Espanoles, S.A. v. Standard Oil Co.*, 464 U.S. 864, 104 S.Ct. 196, 78 L.Ed.2d 172 (1983).

Resolution of pendent-party jurisdiction, the Court in *Finley* emphasized, demands " 'careful attention to the relevant statutory language.' " *Finley*, 109 S.Ct. at 2007 (quoting *Aldinger v. Howard*, 427 U.S. 1, 17, 96 S.Ct. 2413, 2421, 49 L.Ed.2d 276 (1976). The language of the relevant statutory grants of jurisdiction in *Finley* and in the Loebers' case differs substantially. *See Roco*, 899 F.2d at 1296. The Supreme Court emphasized that the grant in the FTCA of jurisdiction over "claims against the United States," 28 U.S.C. § 1346(b), was limited to claims against a specific party, the United States. The Court held, therefore, that the statute defines jurisdiction "in a manner that does not reach defendants other than the United States." *Finley*, 109 S.Ct. at 2009. But the statute supplying admiralty jurisdiction is "strikingly broad." *Roco*, 899 F.2d at 1296. It confers admiralty jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction...." 28 U.S.C. § 1333(1).

The admiralty statute does not limit jurisdiction to a particular party, as do the FTCA and the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq., 56. *See Lockard v. Missouri Pac. R.R. Co.*, 894 F.2d 299 (8th Cir.1990) (45 U.S.C. § 51 imposes liability on "[e]very common carrier by railroad"); *see also Iron Workers Mid–South Pension Fund v. Terotechnology Corp.*, 891 F.2d 548, 551 (5th Cir.1990) (no pendent-party jurisdiction under Employee Retirement Income Security Act, 29 U.S.C.

§ 1132(e), over state-law claim to enforce lien). Neither does the act limit jurisdiction to a certain category of claims. Instead, it provides jurisdiction over an admiralty "case." 28 U.S.C. § 1333(1).

Therefore, unlike the FTCA which "confers jurisdiction over 'claims against the United States and no one else,' *Finley,* 109 S.Ct. at 2008, admiralty jurisdiction extends to an entire case, including non-admiralty claims against a second defendant." *Roco,* 899 F.2d at 1296. *Cf. Nolan v. Boeing Co.,* 919 F.2d 1058, 1064 (5th Cir.1990) (in contrast to *Finley* which confers jurisdiction only over *"claims,"* Foreign Sovereign Immunity Act (FSIA) provides jurisdiction over *"action* against a foreign state" (emphasis added) and, therefore, includes claims against parties other than foreign state); *Teledyne, Inc. v. Kone Corp.,* 892 F.2d 1404, 1409 (9th Cir.1989) (FSIA provides pendent-party jurisdiction). That the admiralty statute uses "case" and not "action" as in the FSIA is a distinction without a difference. This court has recently reiterated that "[i]n federal practice the terms refer to the same thing, i.e., the entirety of a civil proceeding." *Nolan,* 919 F.2d at 1066.

In conclusion, we agree with the second circuit, *Roco,* 899 F.2d at 1297, that "[i]n light of the broadly worded jurisdiction over admiralty cases and 'the strong policy in favor of providing efficient procedures for resolving maritime disputes,' *In re Oil Spill,* 699 F.2d at 914, we see no reason at this juncture to depart from the established rule of this Circuit that pendent party jurisdiction is available in the unique area of admiralty." Accordingly, we hold that the district court erred in not allowing the Loebers to amend their complaint to add Violet.

## V CONCLUSION

Because the Loebers failed to comply with the requirement in the AEA, 46 U.S.C. App. § 740, that they file a claim with the appropriate federal agency and then wait six months before filing suit, the district court correctly granted summary judgment in favor of the United States. The Loe-

bers' action is also time barred. A plaintiff who files an action within the two-year period prescribed by 46 U.S.C.App. § 745 (Suits in Admiralty Act), but who fails to comply with the six-month requirement of the AEA loses his action after the two-year limitation period has expired.

Because the admiralty jurisdiction statute broadly bestows jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction" and because courts have historically acknowledged the pressing need to subject all claims in admiralty to efficient and uniform procedures, the district court properly has pendent-party jurisdiction over Violet Dock Port, Inc. Accordingly, the order of the district court granting summary judgment in favor of the United States is AFFIRMED, and its order denying the Loebers leave to file an amended complaint in which they add Violet Dock Port, Inc. is REVERSED and the case REMANDED for further proceedings consistent with this opinion.

