Larry THIBODEAUX, et ux, Plaintiff,

v.

TRANSIT MIX CONCRETE AND
MATERIALS COMPANY, et
al, Defendant.

No. 1:96–CV–0445.

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 15, 1998.

Steven C. Barkley, Beaumont, TX, for Plaintiff.

Robert J. Hambright, David J. Fisher, Orgain, Bell & Tucker, Beaumont, TX, for Defendant.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

### BACKGROUND

In June 1994, Larry Thibodeaux, injured his head, neck, and spine when his head struck the roof of the cement truck he was driving in the course of his employment for the defendants. Thibodeaux claimed that one of more of the defendants, Transit Mix Concrete & Materials Co., Trinity Industries, Inc., and Trinity Industries Transportation Company, removed the air suspension and automatic leveling device on the driver's seat and that the absence of these safety devices caused his injuries. Thibodeaux's injuries were treated over the course of a year, and after recovering to the extent possible, he was cleared by the treating doctors to return to work. In this case, Thibodeaux alleges that even though he was cleared to return to his job, the defendants wrongfully terminated his employment in violation of the Americans for Disabilities Act (ADA).

### PROCEDURAL HISTORY

Thibodeaux filed suit on June 17, 1996 in the 58th Judicial District Court of Jefferson County, TX claiming among other things that the defendants wrongfully terminated his employment. On July 15, 1996, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1441. On January 21, 1997, John and Lynette Williams claiming a similar violation of the ADA, petitioned this Court for intervention which was granted for discovery purposes only. Thibodeaux moved the court to file an amended complaint on April 24, 1997. The defendants moved to dismiss pursuant to FED.R.CIV.P. 12(b)(6) or in the alternative, for summary judgment pursuant to FED.R.CIV.P. 56. All parties have responded and the motions are now before the Court.

### DISCUSSION

a. Motion to Dismiss, Motion for Summary Judgment

Defendants' 12(b)(6) and summary judgment motions are both based on the premise that Thibodeaux failed to timely file the requisite discrimination charge with the Equal Employment Opportunity Commission (EEOC). These two motions will therefore, be addressed concurrently.

In ruling on a motion for summary judgment this court must decide whether all summary judgment evidence, including pleadings, affidavits, depositions and admissions, taken together, show there is no genuine issue as to any material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986); *Unida v. Levi Strauss & Co.*, 986 F.2d 970, 975 (5th Cir.1993). In determining whether there is a genuine issue as to a material fact, this court considers all summary judgment evidence and reasonable inferences drawn therefrom, in a light most favorable to the non-movant. *Id.*

■ Under the ADA, an aggrieved employee must exhaust his administrative remedies by filing a timely charge of discrimination with the EEOC and receiving a right to sue letter before filing suit in the district court. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir.1996).

■ The ADA's enforcement provisions incorporates the enforcement provisions of the 1964 Civil Rights Act. 42 U.S.C.

§ 12117; 42 U.S.C. § 2005e-5. Section 2005e-5(1) requires an aggrieved employee to file his claim with the EEOC within 180–days of the unlawful practice to be considered timely. *Id.* However, an ADA claim filed within 300–days of the unlawful practice is timely, if the practice occurred in a state in which the EEOC and the state's Fair Employment Practices (FEP) agency enter into a working agreement under which the EEOC defers to the state's exclusive process to determine allegations of discrimination for 60–120 days. *Id.*; 29 CFR § 1601.13(a)(4)(ii)(A); Title VII § 706(c). Because Texas is a deferral state, Thibodeaux had 300–days to file a claim with the EEOC. *Id.; Price v. Philadelphia American Life Insurance Co.*, 934 S.W.2d 771, 773 (Tex.App.–Houston [14th Dist.] 1996, reh'ng denied, no writ). The limitation period for filing a EEOC complaint is not jurisdictional but rather, it is in the nature of a statute of limitations. *Zipes v. Trans World Airlines et al.*, 455 U.S. 385, 392–94, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Being in the nature of a statute of limitations, the 300–day limitation period is subject to equitable tolling, estoppel and waiver. *Id.* at 393, 102 S.Ct. 1127.

■ The defendants claim that Thibodeaux failed to file his discrimination charge with the EEOC within the 300–day limitation period. They assert that Thibodeaux's cause of action accrued on March 1, 1996, the effective date of his discharge from employment with the defendants. They then point out that Thibodeaux's signed the formal charge of discrimination on February 27, 1997 some 364 days after the effective date of his discharge. Based on this evidence, the defendants urge this court to dismiss this case pursuant to FED.R.CIV.P. 12(b)(6), failure to state a claim upon which relief can be granted, or alternatively to grant summary judgment pursuant to FED.R.CIV.P. 56(b).

Thibodeaux responds that even though he signed and filed the formal charge of discrimination on February 27, 1997, he originally filed the EEOC information form on October 30, 1996. As evidence he offers an EEOC letter dated December 4, 1996 responding to his complaint. Thibodeaux claims that the EEOC was responsible for any delay in processing his complaint and ultimately in preparing the formal charge of discrimination.

This court's analysis begins with the computation of the limitations period. The Fifth Circuit has adopted a discovery rule for determining when the a party's cause of action under the ADA accrues. *Burfield v. Brown, Moore & Flint, Inc.*, 51 F.3d 583, 589 (5th Cir.1995) (*holding* that an ADA cause of action accrued on employee's last day of work when he was informed of his discharge and NOT upon receipt of a subsequent letter confirming discharge). Therefore, Thibodeaux's cause of action accrued on the date on which he was informed or had reason to know that he was discharged from employment. Although the defendants claim that Thibodeaux's discharge effectively occurred on March 1, 1996, they offer no evidence that he knew of or had reason to know of his discharge as of that date. In contrast, Thibodeaux in a sworn statement to the EEOC stated that he first learned of his discharge when he received a letter dated April 10, 1996 from the defendants which informed him that he had been discharged effective March 1, 1996. Given that the discovery rule applies to discrimination cases and summary judgment evidence and all reasonable inferences drawn therefrom is to be viewed in a light most favorable to Thibodeaux, this court holds that Thibodeaux's ADA cause of action accrued on April 10, 1996. Consequently, the 300–day limitation period ended February 7, 1997.

■ However, this does not complete the analysis. Thibodeaux submits credible evidence that he filed his complaint with the EEOC on October 30, 1996—well within the 300–day limitation period, that he used the EEOC's standard complaint form, and that he gave all of the information requested in the form. He also submits the EEOC's response letter dated December 4, 1996 which required him to give additional information to an EEOC investigator within 30–days or his ADA complaint would be dismissed. A reasonable inference from the events that followed is that Thibodeaux responded as required by the EEOC's letter.

The administrative procedure for processing ADA complaints is set forth in 29 CFR

§ 1601.6. In pertinent part, 29 CFR § 1601.6 states:

> The Commission shall receive information concerning alleged violations of title VII or the ADA from any person. Where the information discloses that the person is entitled to file a charge with the Commission, the appropriate officer shall render assistance in the filing of a charge.

29 CFR § 1601.6 (1997).

This regulation states the process of filing a claim with the EEOC is a two step process. The first step is for the complainant to submit information to the commission concerning the alleged violation. The second step involves the commission making a determination as to whether a charge is warranted and then preparing or assisting the aggrieved person in preparing the formal charge. After the complainant submits the initial information, control over the timing of the filing of a formal charge of discrimination lies solely in the hands of the commission.[1]

This court finds the introductory paragraph in the "particulars" section of the formal charge of discrimination compelling. That paragraph states, "Charge of Information received on November 1, 1996 and was not processed by the Equal Employment Opportunity Commission."[2] Given that the EEOC actually prepares the charge of discrimination form and therefore, these words are those of the EEOC, this court views that statement as saying in effect that, Thibodeaux's complaint was not processed expeditiously by the commission and that the delays in preparing the charge of discrimination were attributable only to the commission and not to Thibodeaux. *Liberty Lobby,* 106 S.Ct. at 2513.

■ Accordingly, this court holds that the 300-day limitation period was equitably tolled and as of January 4, 1997[3] and that Thibodeaux's formal charge of discrimination was timely filed. Equitable tolling is appropriate when a plaintiff, who cannot bring suit until he has exhausted his administrative remedies, has timely submitted his complaint to an administrative agency and the government has not adjudicated or processed his claim within the limitation period. *Loeber v. Bay Tankers, Inc.,* 924 F.2d 1340, 1343–44 (5th Cir.1991) (*citing with approval Northern Metal v. United States,* 350 F.2d 833, 837–39 (3rd Cir.1965).). This is precisely what happened here. The evidence before the court is that Thibodeaux filed a timely complaint, the EEOC was responsible for the delay processing the complaint and in completing the formal charge of discrimination, Thibodeaux promptly responded to the EEOC's requests, the defendants are not unduly prejudiced by the tolling,[4] and the plaintiff would suffer a manifest injustice if the limitation period were not tolled.[5] Furthermore, this court's tolling of the 300-day limitations period does not defeat the legislative purpose of the limitation provision.[6] Under such circumstances, this court finds that equitable tolling of the limitations period is not only appropriate in this case, but is nec-

---

1. This court's interpretation of the regulation was confirmed by the Houston office of the EEOC. The Houston office, which processed Thibodeaux's complaint, stated that if it determines that a charge of discrimination is warranted based on the complaint and subsequent interview with the complainant, it then prepares the formal charge of discrimination. At that point, the only role for the complainant, is to attest to the statements contained in the "particulars" section by signing the charge in front of a notary public.

2. The EEOC was responsible for determining whether a formal charge was warranted and preparing the formal charge. *See fn. 1 supra.* Thibodeaux or any other aggrieved party filing a complaint cannot file a formal charge of discrimination absent the EEOC's determination the charge is warranted.

3. January 4, 1997 was the last date in which Thibodeaux could respond to the EEOC's letter before his complaint would be dismissed.

4. The defendant was already aware that there would be a suit in the matter when the issue of the period of limitation was raised.

5. Finding no fault on the part of Thibodeaux for the delays in the processing of his complaint by the EEOC, it would be an injustice to hold that he is time barred from pursuing his claim.

6. The key inquiry as to whether a court should equitably toll a statute of limitations is whether the tolling would defeat the legislative purpose of the limitations provision. *United States v. Kubrick,* 444 U.S. 111, 117–18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

essary to ensure justice. Accordingly, this court holds Thibodeaux filed a timely complaint and charge of discrimination with the EEOC and the defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) and Motion for Summary Judgment pursuant to FED.R.CIV.P. 56, are without merit and hereby denied.

b. Thibodeaux's Amended Complaint

Thibodeaux has moved this court to permit him to amend his complaint pursuant to FED. R.CIV.P. 15. Rule 15 states that leave [to amend] shall be freely given when justice so requires. This Court having denied the defendants' 12(b)(6) Motion, and Motion to Dismiss and after examining Thibodeaux's original complaint and his amended complaint, finds no reason leave should not be granted.

In summary the defendants' Motion to Dismiss pursuant to FED.R.CIV.P. 12(b)(6) and Motion for Summary Judgment pursuant to FED.R.CIV.P. 56 are overruled and denied and the plaintiff's motion to file an amended complaint is granted.