# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 15, 2008

Charles R. Fulbruge III

Clerk

No. 06-30705

In Re:  In the Matter of the Complaint of INGRAM BARGE COMPANY, As Owner of the ING 4727, Petitioning for Exoneration from or Limitation of Liability

-----------------------------------------------

INGRAM BARGE COMPANY

Petitioner-Appellee

v.

PARFAIT FAMILY; ASHTON R O'DWYER, JR; WILSON SIMMONS; PROCULA D SIMMONS; TAMMY AMOS; ET AL

Third Party Plaintiffs-Appellants

v.

LAFARGE NORTH AMERICA INC; UNIDENTIFIED PARTIES; UNITED STATES OF AMERICA; AMERICAN HOME INSURANCE COMPANY; AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION; INTERNATIONAL MARINE UNDERWRITERS; JOSEPH C DOMINO INC; NEW YORK MARINE & GENERAL INSURANCE COMPANY; UNIQUE TOWING INC; UNIDENTIFIED PARTIES

Third Party Defendants-Appellees

_____

PARFAIT FAMILY; ASHTON R O'DWYER, JR; TAMMY AMOS; MICHAEL GREEN; PROCULA D SIMMONS; ET AL.,

Plaintiffs-Appellants

v.

USA, by and through its agencies and instrumentalities; UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES COAST GUARD; INGRAM BARGE COMPANY; UNIDENTIFIED PARTIES; LAFARGE NORTH AMERICA INC; JOSEPH C DOMINO INC; UNIQUE TOWING INC; NEW YORK MARINE & GENERAL INSURANCE COMPANY; AMERICAN HOME INSURANCE COMPANY; INTERNATIONAL MARINE UNDERWRITERS; AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION

                                Defendants-Appellees

---------------------------------------------------------------------------------------------------------

Consolidated with No. 07-30273

In Re:  INGRAM BARGE CO

-----------------------------------------------

PARFAIT FAMILY; ASHTON R O'DWYER, JR; TAMMY AMOS; MICHAEL GREEN; PROCULA D SIMMONS; ET AL

                              Plaintiffs - Third Party Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA, by and through its agencies and instrumentalities; UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES COAST GUARD

                              Defendants - Third Party Defendants - Appellees

---

Appeals from the United States District Court
for the Eastern District of Louisiana
2:05-CV-5724

---

Before GARWOOD, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We agree with Defendant-Appellee the United States of America that we lack appellate jurisdiction over these consolidated cases. There is no appealable final decision under 28 U.S.C. § 1291. Moreover, the appellants did not seek, nor did the District Court issue, a Rule 54(b) certification. See Fed. R. Civ. P. 54(b); Huckeby v. Frozen Foods Express, 555 F.2d 542, 544-46, 550 (5th Cir. 1977). And assuming arguendo that all claims raised herein sound in admiralty, there is no appealable interlocutory decision under 28 U.S.C. § 1292(a)(3) because the District Court "d[id] not determine [the] parties' substantive rights or liabilities" and therefore the orders at issue "are not appealable under section 1292(a)(3), even if those orders have important procedural consequences." Allen v. Okam Holdings, Inc., 116 F.3d 153, 154 (5th Cir. 1997) (quoting In re Complaint of Ingram Towing Co., 59 F.3d 513, 517 (5th Cir. 1995)) (emphasis in original).

Our decision today neither conflicts with Bethlehem Steel Corp. v. Avondale Shipyards, Inc., 951 F.2d 92 (5th Cir. 1992) nor with Loeber v. Bay Tankers, Inc., 924 F.2d 1340 (5th Cir. 1991). Although we exercised Section 1292(a)(3) jurisdiction over District Court decisions dismissing admiralty claims for failure to exhaust administrative remedies, neither the Courts nor the parties in those cases raised jurisdiction. Because the Bethlehem and Loeber Courts thus assumed that they had jurisdiction, neither made any holding concerning Section 1292(a)(3).

The parties have not raised nor do we find any other basis for jurisdiction over this appeal. Accordingly, we lack jurisdiction, and the appeal is DISMISSED.