# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-30626
Summary Calendar

In Re: In the Matter of the Complaint of INGRAM BARGE COMPANY as Owner of the ING 4727, Petitioning for Exoneration from or Limitation of Liability

-------------------------------------------------------------------------------

INGRAM BARGE COMPANY

                                        Petitioner-Appellee

v.

PARFAIT FAMILY; ASHTON R. O'DWYER, JR.; WILSON SIMMONS; PROCULA D. SIMMONS; TAMMY AMOS; ET AL

                                        Third Party Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA; JOSEPH C. DOMINO, INC.; UNIQUE TOWING, INC.

                                        Third Party Defendants-Appellees

-------------------------------------------------------------------------------

PARFAIT FAMILY; ASHTON R. O'DWYER, JR.; TAMMY AMOS; MICHAEL GREEN; PROCULA D. SIMMONS; ET AL

                                        Plaintiffs-Appellants

v.

USA, by and through its agencies and instrumentalities; UNITED STATES ARMY CORPS OF ENGINEERS; UNITED STATES COAST GUARD; JOSEPH C. DOMINO, INC.; UNIQUE TOWING, INC.

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-cv-04237

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-Appellants filed tort and admiralty claims against the United States for injuries due to flooding related to Hurricane Katrina. The district court dismissed these claims for lack of subject matter jurisdiction because appellants did not exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–2680, and the Admiralty Extension Act (AEA), 46 U.S.C. app. § 740.[1] We affirm.

In the wake of Hurricane Katrina, appellants, former residents of the Lower Ninth Ward in New Orleans, suffered personal and property damage from the flooding of the Industrial Canal, the Mississippi River Gulf Outlet, and the Gulf Intracoastal Waterway. Alleging that at least one breach in the canal was caused when a barge broke free from its moorings, appellants sued the barge's owner (Ingram Barge Company), the company chartering it, and the United States. Ingram filed the present action seeking exoneration or limitation of liability, and the district court consolidated the two cases, later dismissing the United States for lack of subject matter jurisdiction. *See In re Ingram Barge Co.*, 435 F. Supp. 2d 524 (E.D. La. 2006). This court dismissed appellants' first

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

[1] The AEA has since been recodified. *See* Codification of Title 46, Pub. L. No. 109-304, 120 Stat. 1485 (2006); 46 U.S.C. § 30101.

appeal for lack of jurisdiction, *In re Ingram Barge Co.*, No. 06-30705, 2008 WL 172216 (5th Cir. Jan. 15, 2008), after which the district court certified the case under Federal Rule of Civil Procedure 54(b). This appeal followed; we have jurisdiction under 28 U.S.C. § 1291.

We review a district court's dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) *de novo*, applying the same standard as the district court. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction bears the burden of proof. *Id.*

This appeal presents nearly identical issues to another case recently decided by a different panel. *See In re Katrina Canal Breaches Litigation* (*O'Dwyer v. United States*), No. 07-30412, 2009 WL 1868980 (5th Cir. June 30, 2009). While not binding precedent, we find this case persuasive. There, we affirmed dismissal of similar claims against the United States because the plaintiffs failed to exhaust administrative remedies as required by the FTCA and the AEA. There, as here, the plaintiffs argued that the Suits in Admiralty Act (SAA), 46 U.S.C. app. § 741 *et seq.*, rather than the AEA applied to their claims. For the same reasons given in that opinion, we affirm the district court's judgment.

First, the FTCA does not admit a futility exception to its exhaustion requirement, *see* 28 U.S.C. § 2675(a); *Gregory v. Mitchell*, 634 F.2d 199, 203–04 (5th Cir. 1981), nor have appellants demonstrated that they have met this requirement, *see In re Ingram Barge Co.*, 435 F. Supp. 2d at 527 n.3. Thus, the district court properly dismissed appellants' claims that arise under the FTCA.[2]

Second, appellants' attempt to shoehorn their claims into the SAA fails because the alleged injuries did not occur on navigable waters. The district

---

[2] We do not find the FTCA's third-party-practice exception applicable because appellants are not defendants in any of these proceedings. *See* 28 U.S.C. § 2675(a); Fed. R. Civ. P. 14(c).

court's admiralty jurisdiction under 28 U.S.C. § 1333(1), unaided by the AEA, extends to torts that "occurred on navigable waters." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 531 (1995). "In determining whether the tort occurred on navigable water, this court looks to where the alleged wrong took effect rather than to the locus of the allegedly tortious conduct." *Egorov, Puchinsky, Afanasiev & Juring v. Terribery, Carroll & Yancey*, 183 F.3d 453, 456 (5th Cir. 1999). Here, the alleged injuries did not occur on navigable waters and the SAA does not extend the district court's admiralty jurisdiction to cover such injuries.[3] Thus, the district court correctly dismissed appellants' admiralty claims.

The judgment of the district court is AFFIRMED.

---

[3] To the extent appellants' claims may have arisen under the AEA, they are jurisdictionally barred by appellants' failure to exhaust administrative remedies. 46 U.S.C. app. § 740; *Loeber v. Bay Tankers, Inc.*, 924 F.2d 1340, 1342 (5th Cir. 1991).